JAMES H. TURNER

*v.*

JAMES DAWSON *et al.*

50    85
50a 230

50    85
70a 231
70a 421

50    85
174   408,

50       85
100a ²424

1.  INTEREST—*of the rate of interest upon an implied contract.*  Under the interest law of 1857, a contract to pay six per cent. interest, may be implied, but ten per cent. can be recovered only by force of an express stipulation of the parties.

2.  CUSTOM—*when binding.*  A custom, to be binding, must be uniform, long established, and generally acquiesced in, and so well known as to induce the belief that parties contracted with reference to it, when nothing is said to the contrary.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit, brought by the defendants in error, against the plaintiff in error, in the Circuit Court of Coles county, to recover for advances made by them as commission merchants in the city of Chicago, together with interest thereon at the rate of ten per cent. per annum, and their reasonable commissions.   There was no express contract between the parties in respect to the payment of any interest, but on the trial the plaintiff recovered at the rate of ten per cent.

The plaintiff in error insists that a recovery of ten per cent. interest is not allowable, upon an implied contract.

Messrs. THOMPSON, HENRY & STEELE, for the plaintiff in error.

Mr. JOHN SCHOLFIELD and Mr. GEORGE W. PARKER, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question necessary to be now considered, presented by this record, is as to the allowance of the charge by plaintiffs against defendant, of ten per cent. for advances of money in purchasing the lard, in addition to the usual commissions.

.It is admitted there was no express contract between the parties as to the payment of any interest. The plaintiffs rely upon the usage and custom of merchants in Chicago to sustain the charge, which usage and custom they wholly failed to · prove. No two of the four witnesses examined on that point, testified alike. A custom, to be binding, must be uniform, long established, and generally acquiesced in, and so well known as to induce the belief that parties contracted with reference to it, when nothing is said to the contrary.

By the act of 1857 it was provided, that from and after the passage of that act, the rate of interest upon all contracts, written or verbal, express or implied, for payment of money, should be six per cent. per annum upon every one hundred dollars, unless otherwise *expressly stipulated* by the parties, or unless otherwise provided by law. Scates' Comp. 600. Under this statute, a contract to pay six· per cent. might be implied, but ten per cent. could be recovered only by force of an express stipulation of the parties, which it is not pretended exists in this case. On an implied contract, such as this is, ten per cent. interest is not allowable. The fourth instruction, therefore, should not have been given for the plaintiffs. We see no other error in the record.

For this error the judgment is reversed and the cause remanded.

*Judgment reversed.*