## CHARLES L. WILSON

### *v.*

## FREDERICK BAUMAN *et al.*

80   493|
120  175|
80   493
149  145
80   493
49a  456
80   493
67a  118
80   493
70a  231
70a  421
80   493
174  408|
80    493|
97a  1641|

1. CONTRACT—*when a party may abandon, and sue for what has been done under it.* Where one party fails to perform his part of a special contract, which prevents the other from performing his part, the latter may abandon the contract and bring assumpsit for what he has done under it, if that action would lie but for the special agreement.

· 2. And if one party has performed the contract substantially, or has performed part, and the balance is waived, or prevented by the other party, and the part performed has been accepted and appropriated, the party so performing may sue upon the contract and recover for what he has done, according to the contract price; but where the suit is not brought on the contract for work done in conformity with its terms and accepted, the recovery can only be for the value of the services rendered, without reference to the contract.

3. EVIDENCE—*experts not required, to prove custom or usage.* Where the plaintiff, to show he was employed by the defendant to superintend the construction of a building, proved by witnesses a custom that the employment of an architect to make plans and designs for a building, carried with it an employment to superintend its construction, it was *held,* error to refuse to allow the defendant to show there was no such custom, except by architects. Such custom must be as well known to builders and contractors as to architects, and does not require special skill or science to know of its existence.

4. CUSTOM—*requisites, to affect contract.* A custom or usage, to affect a contract, must not be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties, or against the established principles of the law. Besides this, it must be generally known and established, and so well settled and so uniformly acted upon as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it and in conformity with it.

5. SAME—*must be ancient and notorious.* An instruction informing the jury that if there was a custom among architects in a city *at that time* (the time of making a contract), that it entered into the contract, etc., is erroneous in ignoring the indispensable element of notoriety and ancientness, and authorizing the jury to act upon it, however recent its origin or however unknown to the public it may have been.

6. INSTRUCTION—*assuming facts.* An instruction which assumes that there was some general custom or usage, instead of leaving that fact to be found by the jury, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. MELVILLE W. FULLER, for the appellant.

Messrs. BARBOUR & LACKNER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The declaration contains but the common counts. The claim of the plaintiffs, in general terms, is, that the defendant is indebted to them for services rendered, as architects, in the preparation of certain plans and diagrams of a building erected by the defendant. They claim that the work was done under a special contract, which. they were prevented from fully performing, on their part, by the wrongful act of the defendant.

The authorities cited by plaintiffs' counsel certainly sustain .the position that, where one party is guilty of a failure to perform his part of a special agreement, which prevents the other party from performing his part of the contract, the latter may abandon the contract, and bring assumpsit for what he has done under it, whenever that action might be maintained but for the special agreement. ( *Selby* v. *Hutchinson,* 4 Gilm. 319; *Webster* v. *Enfield,* 5 id. 300. So, if one party has performed the contract substantially, or having performed part, and the balance is waived or prevented by the other party, and the part performed has been accepted and appropriated, the party so performing may sue upon the contract and recover for what he has done, according to the contract price. *Holmes* v. *Stummel,* 24 Ill. 370.

But, in the present instance, the suit not being upon the contract for work done in conformity with its terms, and accepted by the defendant, the recovery could only be for the value of the services rendered by the plaintiffs, without reference to the contract.

For the purpose of showing that plaintiffs were, by the contract claimed to have been made with the defendant, to superintend the construction of the building, they introduced evidence to prove a custom that the employment of an architect

to make plans and designs for a building carried with it an employment to superintend its construction.

Assuming the evidence to have been admissible, on the authority of *Lonergan* v. *Stewart*, 55 Ill. 44, yet we are unable to perceive upon what principle the court excluded the evidence offered by the defendant to show there was no such custom. The witnesses Otis, Gregsten and Maclin, had been largely engaged in building and contracting in Chicago, and if there was such a custom they must have known it. It could not be wholly confined to architects, but must, if it existed, be just as well known to builders and contractors, without whom there could be no opportunity for the existence of the custom. The concurrence of the builder or contractor was just as essential as that of the architects. It was not to be settled by special skill or science, but by a knowledge of what the architects did under a particular form of employment, and anybody who had any experience in the matter was competent to testify.

As was said by this court in *Bissell* v. *Ryan*, 23 Ill. 570, " The proper office of a custom or usage in business is to ascertain and explain the intent of the parties; and it can not be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties, or against the established principles of law. Besides all, it must be generally known and established, and so well settled and so uniformly acted upon as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it.   *   *   *   All the authorities concur in saying that, if usage is relied upon, it must be shown to be ancient, certain, uniform, reasonable, and so general as to furnish this presumption of knowledge by both parties." See, also, *Turner* v. *Dawson & Howe*, 50 Ill. 85.

The evidence offered, in our opinion, was clearly competent, and it was error to exclude it.

The first instruction, given at the instance of the plaintiffs, is erroneous in assuming that there was some general usage or

custom instead of leaving the fact, whether there was a custom or usage having the elements before stated, to be determined by the jury from the evidence.

The third instruction is also erroneous in informing the jury that if there was a custom among architects, in the city of Chicago, *at that time,* which entitled the plaintiffs, in the absence of a stipulation to the contrary, to the general control and supervision of the construction of such building, it so entered into the contract that " an act done by the defendant contrary to that custom, was in violation of the rights of the plaintiffs, and gave them the right to consider the contract at an end."

The indispensable elements of notoriety and ancientness are ignored, and the jury are authorized to act upon a custom or usage *at that time,* however recent its origin, and however unknown to the public it may have been.

The judgment is reversed.

*Judgment reversed.*