SAMUEL H. SWEET ET AL.

v.

FRANK T. LEACH.

1.  CUSTOM.—A custom must be uniform, long established, reasonable, generally acquiesced in, and so well known as to induce the belief that the parties contracted with reference to it, when nothing is said to the contrary. From the evidence in this case, there is a failure to show that a custom exists among wholesale merchants allowing their salesmen pay for time lost by sickness.

2.  PRACTICE—ERRONEOUS INSTRUCTION NOT CURED BY GOOD ONE.—An erroneous instruction is not cured by giving one that states the rule correctly.

Sweet v. Leach.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.    Opinion filed March 29, 1880.

This was an action of assumpsit brought by appellee against appellants, to recover an alleged balance claimed by him for services as salesman for appellants in the hat and cap trade. There was a verdict and judgment for $246.29 for the plaintiff in the court below, and the defendants bring the case here by appeal.

Messrs. COOK & UPTON, for appellants; that the erroneous instruction was not cured by giving another, stating the correct rule, cited Quinn v. Donovan, 85 Ill. 194.

Plaintiff not having set up any special custom in his pleadings, should not have been allowed to prove any: Gould's Pl. 46; Leggatt v. Sands' Ale Brewing Co. 60 Ill. 158.

A custom must be reasonable: Higgins v. Morse, 34 N. Y. 417; Wheeler v. Newbold, 16 N. Y. 392; Horner v. Watson, 79 Pa. 242; Jones v. Wagner, 16 P. F. Smith, 429; Wilson v. Bauman, 80 Ill. 493; Mer. Bank v. Woodruff, 6 Hill, 174.

Whether a custom is proved and is reasonable, is a question for the court: Bodfish v. Fox, 23 Me. 90.

Mr. C. M. HARDY, for appellee.

WILSON, J.    Appellants were wholesale dealers in hats and caps, in the city of Chicago, and appellee was employed by them as salesman for the year 1877, at a salary of $2,500.    During the year he lost some time by sickness, and appellants having paid him all his salary except the sum of $246.29, declined to pay that balance by reason of the time lost.    In reply to the defense of lost time, appellee, on the trial, offered evidence of an alleged custom of the trade to make no deduction from the salaries of salesmen for time lost by sickness.

We have carefully examined the evidence submitted to the jury, and are of the opinion that it wholly failed to prove a custom within the meaning of that term, as defined by the books.    To be binding upon the parties to a contract, a cus-

tom must be uniform, long established, reasonable, generally acquiesced in, and so well known as to induce the belief that the parties contracted with reference to it, when nothing is said to the contrary. 2 Parsons on Con. 541; Turner v. Dawson, 50 Ill. 85. In Bissell v. Ryan, 23 Ill. 570, the Supreme Court says: "The proper office of a custom or usage in business, is to ascertain and explain the intent of the parties; and it cannot be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties, or against the established principles of law. Besides all, it must be generally known and established, and so well settled and so uniformly acted upon, as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it. * * * All the authorities concur in saying that if usage is relied upon, it must be shown to be ancient, certain, uniform, reasonable, and so general as to furnish this presumption of knowledge by both parties."

Tested by these rules, the custom sought to be established in the present case was wanting in nearly every essential element necessary to give it effect in qualifying the agreement of the parties. It was neither ancient, nor, so far as the proof shows, general, uniform, or well known. The plaintiff called numerous witnesses, salesmen in wholesale houses, who testified to instances of payments having been made to traveling salesmen when disabled by sickness, and some of them also testified to the existence of a custom among wholesale dealers to make such payments; but they failed to show that the custom was uniform or generally known and acted upon. On the other hand, a large number of leading wholesale merchants of the city were called as witnesses, all of whom denied the existence of any such custom. Several salesmen also gave like testimony. A custom, to be binding must be known to and acted upon by both parties, and both parties must have contracted in reference to it. Appellants Sweet and Dempster, both testify that they had no knowledge of any such custom at the time they employed appellee, or during the time he was in their service. They had been in business in Chicago many

Sweet v. Leach.

years, as had also the other wholesale dealers who were called as witnesses, and if there had been a general custom, such as is claimed by appellees, they would have known it.   The most that can be fairly claimed, taking the proof all together, is that in given instances no deduction was made from the salary of salesmen for lost time occasioned by sickness; but there is no ground for claiming that these instances had been so frequent and uniform, or so long continued, as to have ripened into a general custom.

Again, a custom to be binding, must be reasonable and certain.   If the custom contended for in the present case is binding, it would follow that an employer must pay for the entire period of time covered by the contract of hire, however small might be the amount of services rendered.

Suppose a salesman is employed for the term of five years, at a stipulated annual salary of twenty-five hundred dollars, and after serving one month is overtaken by a disease, which prevents him from rendering further services during the entire period of his employment; under the custom contended for he would be entitled to recover for the entire period, although he had served but the merest fraction of the time.   So far as the plaintiff's proof went, no limit was fixed as to the duration or amount of time lost; but the alleged custom was general in its terms, and gave the employe pay for all time lost by sickness during the term for which he had contracted to serve.   Such a custom, if proven, would be void for unreasonableness, and it is not to be supposed that any business man, of ordinary prudence, would contract for the services of a salesman in reference to it.

The first instruction given on the part of the plaintiff was erroneous.   The jury are told that "if they further believe, from the evidence, that at the time when plaintiff was employed, and during the time of his employment, a custom existed in the wholesale hat business that salesmen in such business were excused from the performance of their duties while sick, and were, for the time of such sickness, to be paid their full salaries, then such custom became and was a part of the contract of engagement," etc.   Of this instruction it may be said, in the language of Mr. Justice Scholfield, upon a precisely

similar one (Wilson v. Bauman et al. 80 Ill. 493), the indispensable elements of notoriety and ancientness are ignored, and the jury are authorized to act upon a custom or usage at that time, however recent its origin and however unknown to the public it may have been.

It is true the court, at the request of the appellants, instructed the jury that a custom was not binding which had not been generally acquiesced in for such a length of time as to warrrant the jury in finding that such custom entered into the minds of the parties at the time of making the agreement; but it does not follow that the jury were not misled by the instruction given for appellee. We think the true rule on this subject is laid down in Quinn v. Donovan, 85 Ill. 194. The court say: "It is true, instructions were given on behalf of appellant that announced the rule correctly, but that did not obviate the difficulty. It is impossible to know whether the jury followed the instructions given for the one side or the other. If they adopted as a rule of their deliberations, the doctrine announced in appellee's instructions, they were surely misled. The only safe rule for a circuit court is to harmonize the instructions before they are given to the jury. If this is not done, the instructions which should be a guide to the jury, only serve to confuse."

For the reasons hereinabove assigned, the judgment of the court below must be reversed.

Judgment reversed.