## CHARLES P. COGGESHALL
## v.
## RICHARD R. MATES.

1. INSTRUCTIONS NOT BASED ON EVIDENCE.—Instructions which submit to the jury hypotheses not based upon the evidence, are erroneous. As there was nothing in the record showing or tending to show that defendant had accepted the work, or that he had made any use whatever of the building, the modification of defendant's instruction by the court was improper.

2. THE SAME.—The modification of the instruction is also at fault in failing to limit the jury to the evidence in their consideration of the hypothesis submitted, and in holding that, if defendant accepted the work and made use of the building, the plaintiff was entitled to recover the value of the work done. Plaintiff's recovery must be measured, not by the value of the work, but by the contract price.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed June 27, 1883.

Mr. S. M. Millard, for appellant; as to preponderance of evidence, cited Wilson v. Higgins, 3 Bradwell, 288; Gorham v. Peyton, 2 Scam. 363.

An entire contract must be fully performed before recovery can be had, unless the failure to complete was because of some act of the party for whom the work was to be performed: Knickerbocker Life Ins. Co. v. Seeleman, 83 Ill. 446.

Instructions must be based on the evidence: Ind. & St. L. R. R. Co. v. Miller, 71 Ill. 464-471.

Messrs. Tagert & Cutting, for appellee; that a new trial should not be granted on the ground of improper instructions, where it appears that substantial justice has been done, cited Beseler v. Stephani, 71 Ill. 400.

Bailey, P. J. This was a suit brought by Richard R. Mates against Charles P. Coggeshall, before a justice of the peace, and afterward removed by appeal to the circuit court, where a trial was had before the court and a jury resulting in a judgment in favor of the plaintiff for $140 and costs. The plaintiff's demand is for work, labor and services done for the defendant by him as a carpenter and builder. The evidence tends to show several special contracts between the parties, under each of which certain portions of said work was done, and among them was a certain contract, out of which most of the controversy arises, by which the plaintiff agreed to do certain work particularly specified in the erection of a building for the defendant, for the sum of $340. In relation to that contract, there was evidence tending to show that the plaintiff, without the fault of the defendant, abandoned the work stipulated for, leaving a material and substantial portion of it unperformed. On this evidence, the defendant asked the court to give to the jury the following instruction:

" The jury are instructed that, if you believe from the evidence, that the plaintiff agreed to construct and complete the building in question for the defendant, including the roof, for the sum of $340, and if you believe from the evidence that the plaintiff, without the fault of the defendant, failed to com-

plete the building as he had agreed, then the plaintiff can not recover on the contract, and you will find for the defendant."

This instruction the court refused to give as asked, but gave it to the jury after modifying it by adding thereto the following:

"This is so unless the defendant accepted the work and made use of the building, in which case the plaintiff could recover the value of the work done, and subject to a credit for all payments made thereon."

We have searched the record in vain for any evidence upon which this modification of the instruction could be based. There is nothing showing or tending to show that the defendant had accepted the work, or that he had made any use whatever of the building. It does appear that the defendant had never completed the work which the plaintiff left unfinished, and that the building, even down to the time of the trial, stood in the precise condition in which the plaintiff left it. True, the work done by the plaintiff remains there as a part of the building, and can not be removed without destroying the building itself, for which the defendant furnished the materials. But the mere fact that the results of the plaintiff's labor have been incorporated into the defendant's property, so as to become an inseparable part of it, does not of itself constitute such an acceptance and appropriation of the work performed, as will operate in law as a waiver of the residue, and entitle the plaintiff to recover for the part performed. There must be some evidence of affirmative acts by the defendant showing an election on his part to accept and avail himself of and appropriate the work, and evidence of that character we are entirely unable to find in the record. Instructions which submit to the jury hypotheses not based upon the evidence are erroneous.

The modification of the instruction is also at fault, in failing to limit the jury to the evidence in their consideration of the hypothesis submitted. By the instruction, as modified, they may have felt warranted in basing their finding upon facts within their own knowledge, or derived from information from others, though not shown by the evidence. In this

respect, there was, under the circumstances, especial danger of their being misled. There being no evidence bearing upon the hypothesis submitted, they could determine it only upon information outside the evidence, and may therefore have felt constrained, in the absence of evidence, to look elsewhere for information.

The instruction as modified also fails to lay down the proper measure of damages. It holds that if the defendant accepted the work, and made use of the building, the plaintiff is entitled to recover the value of the work done, while the rule is that his recovery must be measured, not by the value of the work, but by the contract price. Wilson v. Bauman, 80 Ill. 493; Folliott v. Hunt, 21 Id. 654.

Considerable effort is made by counsel for the appellant to show that the amount recovered is too large in any view that may be properly taken of the evidence. That, however, presents a mere question of fact upon which the evidence is not altogether clear or satisfactory, and as the case must be submitted to another jury, we forbear any discussion in relation to it. But for the error in giving to the jury the defendant's instruction as modified, the judgment will be reversed and the cause remanded.

Judgment reversed.