## Packer v. Pentecost.

1. CUSTOM—*Legal Requisites.*—A custom to be binding must be uniform, long established, and generally acquiesced in, and so well known as to induce the belief that the parties contract with reference to it, when nothing is said to the contrary.

2. CUSTOM—*Sufficiency of Evidence to Sustain.*—Where an architect prepared plans for the proposed residence of a banker, and brought an action to recover for his services as an architect, *it was held* that the rule that, where a custom relates to a particular trade or profession, it will be presumed that all persons engaged in such trade or profession knew it, has no application.

3. CUSTOM—*Presumption that it is Known.*—In an action brought by an architect for the recovery from a banker for preparing plans for the erection of a house for him, it was claimed that there existed a custom among architects to charge two per cent for such services. There was no attempt, however, to show that such custom was known to the banker, either by direct testimony or that it was so notorious, uniform and universal that he must be presumed to have known it. *It was held* he was not bound by the custom.

4. CUSTOM—*Reasonable Charges.*—Evidence which is in itself sufficient to prove a customary charge is not necessarily sufficient to prove what is a reasonable charge.

**Memorandum.**—Action of assumpsit. In the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Declaration, special and common counts; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed April 11, 1893.

The opinion states the case.

APPELLANT'S BRIEF, E. A. SHERBURNE, ATTORNEY.

A custom, to be binding, must be uniform, long-established and generally acquiesced in, and so well known as to induce the belief that parties contracted with reference to it, when nothing is said to the contrary. Turner v. Dawson, 50 Ill. 86.

APPELLEE'S BRIEF, MOSES, PAM & KENNEDY, ATTORNEYS.

Appellee contended that it is the every-day and common manner of proving what compensation one is entitled to re-

cover in cases of this character, as with all physicians and lawyers and mechanics, by proving what is the customary and usual charge for the service claimed for. That is all that has been done in this case and that is sustained by authority. Lawson on Usage and Custom, Sec. 136; Hayes v. Moynihan, 60 Ill. 409; Johnson v. DePeyster, 50 N. Y. 666; Pursell v. McQueen, 9 Ala. 380.

In this case the judgment does substantial justice between the parties. He invokes the doctrine that where it is apparent upon the whole record that substantial justice has been done, the court will not reverse. Dishon v. Shorr, 19 Ill. 59; Hewitt v. Jones, 72 Ill. 218; Chicago City Ry. Co. v. Duffin, 126 Ill. 100.

OPINION OF THE COURT, SHEPARD, J.

This was a suit for services rendered by an architect in drawing plans for a proposed residence, resulting in a judgment for one thousand dollars, in favor of appellee. The plans were not used by the appellant.

Whatever else the contract between the parties may have been, and whether appellant accepted the plans or not, and there is much evidence on both subjects, it is not claimed that there was any express agreement as to the amount of compensation to be paid appellee for preparing the plans.

The plaintiff below, appellee in this court, testified that the estimated cost of the residence, according to the plans he prepared, was fifty thousand dollars. It does not appear that the cost thus estimated by him was communicated to the appellant, or that he was instructed to prepare plans for a structure of that cost, or that a building to cost about that sum was contemplated by appellant.

The verdict and judgment were rendered on the basis of two per cent on the cost of a building, being the customary charge among architects for preparing plans.

The evidence introduced for the purpose of showing that there was a customary charge among architects for services for the kind indicated, fell far short of what the rule requires to establish a custom which will bind a third person.

There was no attempt to show that the custom among

architects to charge two per cent for such services as were rendered, was known to the appellant either by direct testimony, or that it was so notorious, uniform and universal as that he must be presumed to have known it.

The appellant was a banker and the appellee an architect. The rule, therefore, that where a custom relates to a particular trade, business or profession, it will be presumed that all persons engaged therein, know it, has no application. A custom, to be binding, must be uniform, long established, and generally acquiesced in, and so well known as to induce the belief that the parties contracted with reference to it, when nothing was said to the contrary. Bishop on Contracts, Secs. 451, 452, 458; Corrigan v. Herrin (No. 4368, March term, 1892); Dixon v. Dunham, 14 Ill. 324; Crawford v. Clark, 15. Ill. 561; Turner v. Dawson, 50 Ill. 85.

But the evidence, which need not be recited, failed to show that there was any such well established, uniform and universal rule among architects themselves, as to amount to· a custom with reference to charges for the mere drawing of plans which were not adopted and used in the construction of the building for which they were prepared.

Counsel for appellee seek by their argument to sustain the judgment on the theory that if the evidence be sufficient to prove a customary charge, it was sufficient to prove what was a reasonable charge. We do not think so. The question put to each of the witnesses who testified on that subject was, what was the usual and customary charge, and the answers were direct to that question, except in the case of the witness Starbuck, who answered that " two and one-half per cent was the usual charge if the plans had been fully completed; with the specifications wanting, two per cent would be reasonable and fair."

On cross-examination, the same witness, Starbuck, was asked the direct question what he would deem a reasonable charge for making the plans introduced in evidence, and he replied that it was impossible for him to say; that he could not answer the question.

There was no other evidence as to what a reasonable

charge would be.   Had a custom been proved it might well be said that it would sustain a conclusion that a charge of two per cent on the estimated cost of the building was a reasonable charge, for one of the essentials of a custom which shall have the force of law and enter into contracts with binding effect, is that it shall be reasonable.   But we have held that the evidence was insufficient to prove a custom.

Besides, the instruction given on behalf of the appellee contained no reference to reasonable charges, but spoke only of what " was the customary and usual charge for architects' services," under the circumstances, " according to a custom in Chicago among architects."

The judgment will be reversed and the cause remanded.