# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1897.

## Cleveland, C., C. & St. L. Ry. Co. v. Charles Jenkins.

1. CONSPIRACY—*As an Aggravation of Damages.*—Conspiracy may be averred and proved in aggravation of damages in an action on the case, but it is not a material averment except where the wrong complained of would not have been actionable without it.

2. CASE—*For Breach of a Duty Arising Under a Contract.*—When the relation of master and servant exists, and under the custom of the business it becomes the duty of the master, when the relation is severed, to give the servant a letter or "clearance card," the servant has the right to treat a breach of this duty as tortious and sue in case.

3. PRACTICE—*Motions in Arrest of Judgment.*—A party can not move in arrest of judgment in the trial court, after judgment of that court upon a demurrer presenting the same objections.

4. PLEADING—*Defects Cured after Verdict.*—A verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action. If the issue joined be such as necessarily required, on trial, proof of the facts so defectively stated or omitted and without which it is not to be presumed that the verdict would have been rendered. such defect, imperfection or omission is cured by verdict.

5. MASTER AND SERVANT—*Right of a Servant to Demand a Letter of Recommendation.*—A master is under no legal obligation to give a testimonial of character to his servant, in the absence of an agreement or well recognized usage, under which an implied agreement to do so arises. And such a custom or usage must be so well known and established that it becomes part of the contract by implication, without expression.

6. SAME—*Indictment Against Servant in Suit for Failure to Give Letter of Recommendation.*—In a suit by a servant against his master

(415)

for a failure to furnish a letter of recommendation, where there is nothing to show that the defendant had any ground to refuse such letter other than the return of an indictment against the servant, and where the evidence shows that the servant was acquitted and stood with a record of ten years of faithful service, if the other elements necessary to a recovery be present, the fact that such indictment was returned will not constitute a defense.

7. INSTRUCTIONS—*Error Without Injury not Ground for Reversal.*— Although an instruction may have contained an error, if it appears that the context and the facts of the case would correct the error and that the jury were not misled by it, it will not be ground for reversal.

**Trespass on the Case,** for a refusal by a master to give a letter of recommendation. Appeal from the Circuit County of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed June 10, 1897.

JOHN T. DYE and C. S. CONGER, attorneys for appellant.

MUNDY & ORGAN and CULLOP & KESSINGER, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee, a former conductor of a freight train on appellant's road, to recover damages on a declaration, in effect, charging that, although plaintiff had been a faithful employe of defendant for ten years, as a conductor, he was discharged without cause; that although by the regulations and customs of the defendant, a letter or clearance card was given to discharged employes, such as plaintiff, showing time of service, etc., in order that he might secure employment on other roads, and which was essential for that purpose, yet, though he often applied for such paper, in order that he might get employment on other roads, it was refused to him, whereby he failed to secure employment thereon; that defendant and other railroad companies had a rule or custom, which is charged to be a conspiracy, not to employ a discharged employe of another road without such letter or clearance card; that plaintiff,

after such discharge, and after failure on request to receive such card, applied to various railroad companies for employment, but was uniformly refused employment because he did not have such card; that he had been receiving eighty-five dollars per month from the defendant for his services, and that he was qualified and competent to earn the same wages on .other roads, and would have done so had he received such card, as he was entitled to; that he had been engaged in such service for many years, and was at the time of his discharge fifty years of age, and by reason of such failure and refusal on the part of the defendant, he was unable to secure employment, and was compelled to quit such line of work, to his great loss and damage.

There are some other averments incidental to those mentioned, made, as understood, in the way of aggravation of damages, as that the defendant maliciously charged plaintiff with the crime of larceny, which was baseless, and caused to be circulated the report that he was discharged because of such crime, for the purpose of injuring him. It is also averred there was a rule of defendant that if a conductor was laid off for any cause, then, within five days, his case should be given full investigation and a decision reached and if he was exonerated then he should receive full pay for lost time. A conspiracy is averred on the part of defendant and other roads; but in civil actions this is not a material averment, except where the wrong complained of would not have been actionable without it. Jenner et al. v. Carson, 111 Ind. 522; 2 Chitty Pl., 498. In civil actions, except as above stated, conspiracy may be averred and proved merely in aggravation of damages. Van Horn v. Van Horn, 20 Atl. Rep. 485. The gravamen, however, of the charge is that he was discharged and refused a clearance card, to which he was entitled, without which he could not and failed to obtain employment on other roads, whereby he suffered damage, etc.

This declaration avers a cause of action in case, arising out of a contract. That is, it avers a contractual relation, out of which, as alleged, arose the duty, when such con-

tractual relation was severed, to give a letter or clearance card for the purpose stated. A breach of this duty the plaintiff had a right to treat as tortious in this form of action. Conger v. C. & R. I. R. R. Co., 15 Ill. 366; Nevin v. Pullman Palace Car Co., 106 Ill. 222.

The plaintiff recovered a verdict and judgment below and defendant presents this appeal, assigning various errors as to the admission of evidence, the giving and refusing instructions, in overruling the motion for a new trial, and the motion in arrest of judgment. The last motion was based on the ground the declaration was insufficient to support a judgment. The record shows a demurrer was filed to the declaration, raising the same question, which was overruled, and thereafter the general issue filed.

It was held in Stearns v. Cope, 109 Ill. 340, that if a declaration was fatally defective the defect may be availed of by a motion in arrest even after a demurrer thereto has been overruled, but this holding was overruled in the carefully considered case of C. & E. I. R. R. Co. v. Hines, 132 Ill. 161. It is there said : "A party can not move in arrest of judgment in the trial court after judgment of that court upon a demurrer presenting the same objection," citing cases. It is further said : "There is an expression in Stearns v. Cope, 109 Ill. 346, not in harmony with these cases, but * * * the expression was unnecessary and inadvertent."

In the Hines case, however, the court proceeds to consider the question raised as to the sufficiency of the declaration, and say: "The rule is that a verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action. * * * However, if the issue joined be such as necessarily required, on trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by verdict." This answers the objection also made of a variance between the proof and the allegations.

There was no error in overruling the motion in arrest.

The declaration, in our judgment, states a good cause of action, though it might have been presented in better form.

There is full proof by six railroad men, most of them of large experience, that railroad companies do require such clearance cards before they will employ men coming from other roads. Besides, various clearance cards from several different roads were introduced in evidence, as evidencing the fact. There was no substantial contradiction of this evidence, except by two witnesses, as to defendant's road, and it was shown on cross-examination of one or both of these witnesses that such cards had been given by this road. They denied, however, that it was a custom. The full proof of such general custom, in fact uniform custom of long standing, of other roads to require such cards, together with the proof as to the practice of defendant company, warranted the jury and court below in finding, as a matter of fact, that the usage or custom to issue, on discharge, and demand the presentation before employment, of such cards, was general as to all roads, including the defendant. It is inconceivable that the defendant would be so unjust to its men as not to join in a usage so uniform of other roads, and without which, as this proof shows, employment could not be obtained. This is said without reference now to the case of this plaintiff. The point is, was there such a usage?

We do not understand on what ground the court refused to admit rule eleven, agreed upon, as plaintiff offered to show, by the labor organizations of railroad men and the railroad companies, including this defendant, that an applicant who had been discharged from one railroad company should produce a clearance card when asking employment with another railroad company. We think it was competent even as rebuttal evidence to that of Mr. Sutton and Mr. Bayley.

There being such a custom, and the proof clearly showing that such cards were absolutely essential, was the duty laid upon defendant thereby violated in this case? The evidence shows that plaintiff had faithfully worked for defendant

for many years; that he had been in the railroad business
for twenty-four years, and had arrived at about the age of
fifty years. The stipulation in the record shows that. he
was indicted for larceny November 6, 1893; for embezzle-
ment, November 16, 1893; for larceny as bailee, April 4,
1894, two of these, as understood, for the same offense. The
other was for another offense. They were procured on
the complaint, principally, of one Jones, who was under
indictment for the same offense and was convicted. The
plaintiff appeared against Jones as a witness. The plaintiff
was tried on two of the indictments and found not guilty;
on the last one, January 17, 1895, when the other indictment
was *nolled*. There is no evidence in this record as to what
proof· was offered tending to show his guilt; so that we
must assume, and do in fact assume, that the plaintiff was
unjustly accused. There is nothing to show the company
had any other ground of suspicion, other than the return
of the indictments, so that, as to the company, we must
assume the stain was removed by the acquittal, and that he
stood with a good record of ten years faithful service in its
employ. He often applied for his clearance card before he
was acquitted, asking that the facts be stated, and also
within a few days after he was acquitted, but it was always
refused, but not on the ground that such cards or letters
were not given, and after persistent effort to get employ-
ment of other roads, he failed because, as he states, and his
evidence on this point is not contradicted, of not having
such card. It is stated by appellant's counsel that a card
stating the facts would not have enabled or assisted him to
get employment. This position is a mere assumption, for
after his acquittal he stood before the law relieved of the
charge as entirely as if it had never been made and from
the evidence of the State's attorney, who tried the case and
appeared as a witness for the defendant below, it would
appear there was no moral stain left. It is not believed,
from what appears in this record, that a baseless charge of
crime, as the acquittals show, would have been a bar to
employment.

It is said, however, by apellant's counsel, that the railroad company had a right to discharge him. This right is not questioned by the declaration, though it is averred the charge which caused the discharge was false and malicious. It is also said, quoting from Parsons on Contracts, p. 528: " The master is under no legal obligation to give a testimonial of character to his servant." This is well-recognized law, in the absence of an agreement, or well-recognized usage, under which an implied agreement arises, to do so. It is true such custom or usage must be so well known and established that it becomes a part of the contract in law by implication, without expression. Turner v. Dawson, 50 Ill. 85; Wilson v. Bauman, 80 Ill. 493. The court so instructed the jury in clear and terse language, and yet the jury evidently found there was such custom, which finding was sustained by the court. A careful examination of the evidence and circumstances, in our judgment, warrants such finding.

In view of these facts, if the finding is otherwise correct, as we believe it is, it is clear the defendant violated its duty to plaintiff in failing and refusing to give such card.

The damages allowed were not excessive. He was allowed only the sum of $875 for being unlawfully deprived of the right and opportunity to get work in that line for which he had, by many years of faithful service, prepared himself, and at which he had been earning the sum of $85 per month. This is less than his earnings for a single year in his chosen and rightful line of work, of which he was, by the wrongful act of defendant, deprived, so far as appears, for his future life. It is not necessary to elaborate on the helplessness of a man at the age of fifty years, who had for twenty-four years continuously been in a certain line of work, requiring skill and experience, being deprived of the right and opportunity of following that calling. It is almost like depriving him of the right to earn a living by the pursuit of an honorable calling; a right inherent, of which he can not be deprived by any rule, regulation or practice of employers of men. In this connection, on the

question of damages, the matter alleged in aggravation need not be considered in order to justify the amount of damages allowed. Though the plaintiff was pursued vigorously on the charges made against him, yet, under the proof, it can not be said the defendant participated improperly or maliciously in the investigation or trials. The suspension, if for the length of time stated by plaintiff, for over a year, against his protest, was oppressive, as it kept him from engaging in other regular work, and it may be the jury took this fact into consideration. However that may be, the damages assessed, if the defendant was liable, are not excessive.

Various objections are made to the ruling of the court on the introduction of evidence, and to giving and refusing instructions. It is objected that the plaintiff was permitted to testify to the contents of a letter delivered to him by the messenger of the company discharging him from the service.

Q. Tell the jury if you have got that letter *now*. A. No, sir; I have not got it *now*.

Q. What were its contents?

It would appear that both counsel and court did not observe the word "now," and permitted the question to be answered. The answer related, however, to an admitted fact that he was discharged, and therefore the error was harmless.

It is also objected that the court permitted plaintiff and others to testify that officials of the roads to whom they applied for employment declared they must produce clearance cards. There was no error in this ruling; neither was there error in permitting the introduction of clearance cards or letters from other roads. They were identified. They tended to show the usage of such roads in that respect.

It is also objected that the court permitted the introduction in evidence of a rule of the company, averred in the declaration, in regard to giving a conductor a hearing and decision within five days after he was laid off for any cause.

The important part of the rule is, " If a conductor is taken off his run for any cause, he shall be granted a full investigation, hearing and decision, within five days. * * * If exonerated, he shall receive pay for lost time." It is said this rule does not apply to this case, and its introduction tended to mislead the jury. It is agreed by both sides that plaintiff was laid off in the first place, and that the cause was the indictment. We see no reason why the rule does not apply. True, the railroad officials could not determine plaintiff's guilt or innocence in law, but they could in fact, so far as they were concerned. They could determine whether the case was of such a nature that they should withdraw confidence in him, or, notwithstanding the charge, still continue to trust him. It was discretionary with them whether they would continue to let him have his run, suspend, or discharge him; but, if they suspended him, then, under their rule, they were required to give him a hearing. As before stated, the averment of this rule and refusal to give a hearing was not the gravamen of the charge. This averment was by way of aggravation, as showing the course of conduct toward plaintiff. There was no error of the court in modifying defendant's instruction on this point.

It is said all of appellee's instructions ignore the conspiracy act of 1887, S. & C., Vol. 3, p. 346, par. 73, relating to boycotting and blacklisting. We do not understand that law applies to the actionable charge of the declaration in this case. This action is not based on that statute, for reasons heretofore given. As heretofore stated, that averment was in the way of aggravation.

Objection is made to the first instruction given for appellee: 1st, because it refers hypothetically in the usual form to " a general understanding between defendant and other railroad companies not to employ a person discharged by any railroad company without a ' clearance card or letter,' as it is said there is no averment of that kind in the declaration; 2d, because it did not define what a clearance card was; 3d, because, after close of hypothetical part, it stated, " then you should find for the plaintiff and fix his damages

at such sum as you think right, not exceeding the amount claimed in the declaration," which was two thousand dollars. It is true, as to the first objection, the declaration is not as specific as it should be in that averment; but we think, outside of the conspiracy averment, that is the effect of the averment made, in stating that he could not get employment in the same line with other roads, because he could not obtain such clearance card, which he demanded in order that he might do so. There was proof of such understanding, as heretofore stated. If the averment was defective or omitted in this regard, then it is aided, and in law supplied, by the verdict, as heretofore shown. See, also, C., R. I. & P. R. R. Co. v. Clough, 134 Ill. 586; L. S. & M. S. Ry. Co. v. O'Connor, 115 Ill. 254.

The second objection is not well taken, for the reason the witnesses had defined a clearance card, and there were clearance cards or letters " in the hands of the jury, introduced as exhibits." The third objection is well taken, but, as the damages assessed are not excessive, it is evident the jury were not misled by the error.

The objection is made to the second instruction given for appellee, that it does not confine the consideration of the jury to the refusal of the railroad companies to give work, which were proven, or claimed to have been, in the conspiracy. Conspiracy was not the gravamen of the charge made in this case. It may be both plead and proven in civil actions as aggravating the wrong. Van Horn v. Van Horn, 20 Atl. Rep. 485. We understand it was so averred in this case, and therefore the court was not required to refer to it in this instruction.

There is a palpable error in instruction four, given for appellee, in regard to conspiracy, in using the plural " defendants" instead of " defendant and other companies," but the case and context would correct the error, and it is not considered that the jury were misled thereby.

Five instructions were given for the appellee and fifteen for the appellant, five of which were modified. Thirty-two instructions were presented by appellant, seventeen of

which were refused. Instruction twenty-one claimed to be modified, of which serious complaint is made, appears to have been given as offered, as shown by both the record and abstract. Instruction twenty, refused, was properly refused. Complaint is made of the refusal to give other instructions, but it appears, on examination, that the same thought was embodied in other instructions given for appellant. The instructions are too numerous to justify an elaborate or particular analysis here of all of them. Suffice it to say, we see no serious objection to the action of the court in passing on the instructions.

Under the evidence and the law, as we understand it, substantial justice has been done, and therefore the judgment is affirmed.