## Newton Rubber Works v. Home Rattan Co.

1. APPELLATE COURT PRACTICE—*A New Trial Will Not be Granted for Reasons Not Submitted to the Trial Court.*—The Appellate Court will not hold that the trial court erred in denying a motion for a new trial upon grounds which were not submitted to the court as reasons for allowing it.

2. SALES—*Goods by Sample—Party Entitled to Recoup Damages Where Bulk Does Not Correspond with Sample.*—In an action to recover the value of goods sold by sample, with the implied warranty that the bulk of the goods corresponds with the sample, for whatever amount of the goods delivered that fell below the quality warranted, the defendant was entitled to recoup damages whether such amount constituted " the bulk " of the goods or not.

3. INSTRUCTIONS—*Not Error to Refuse an Abstract Statement of Law.*—The refusal to give an instruction which is an abstract statement of law is not error.

4. CUSTOMS—*Requisites of, to be Binding.*—A custom, to be binding, must be uniform, long established and generally acquiesced in, and so well known to induce the belief that parties contracted with reference to it, when nothing is expressed to the contrary.

**Assumpsit.**—Common counts. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed March 6, 1901.

This suit was brought by plaintiff in error to recover a balance due to it from defendant in error on account of bicycle tires. The good were sold by sample. The order was as follows:

" CHICAGO, Jan. 4, 1897.

Newton Rubber Works,
    Newton Upper Falls, Mass.

Gentlemen:  We wired you this morning, 'Hold tires. Have written,' which we herewith confirm.  You may enter our order for the 180 pair of 28x1 5-8 A Tires and 650 pair 28x1 5-8 B Tires.  The 234 pair of C Tires we can not use. Ship 415 pair Jan. 15 and the balance Feb. 15.  Terms 2 off 10 days, or 90 days acceptance.  Price to be $3 per pair. Kindly acknowledge receipt of this order and greatly oblige,

Yours truly,
            HOME RATTAN Co.,
                Per Lange."

The tires were shipped in boxes, and received by defendant in error at its factory on January 19, 1897. In April, May and June, 1897, defendant in error returned several lots of the tires, which had been found defective. The bad tires returned in April were replaced by others by plaintiff in error, but plaintiff in error did not replace the bad tires returned in May and June. In July several hundred more of the tires were found to be defective. The samples by which the goods were ordered were shipped to plaintiff in error some five days before the order of January 4, 1897, was given. Correspondence preceding the written order discloses that the goods were sold as per sample, and that defendant in error was buying the large number of tires, much in excess of its previous orders, to meet a contract by which it had undertaken to make some 2,000 bicycles. The tires were used in the course of the manufacture of these bicycles, and as they were found to be defective were returned to plaintiff in error.

The contract price of the tires was $2,790, of which the defendant paid $500 on May 24, 1897, and $1,200 on July 10, 1897. This suit was brought to recover the balance of $1,090. The defendant, under pleas of set-off, claimed that the tires were not equal to sample, and that its damages by reason of the breach of warranty largely exceeded the amount of the plaintiff's claim. The jury disallowed the excess claimed by the defendant, over and above the amount claimed by the plaintiff, and merely rendered a verdict in favor of the defendant. This writ of error is prosecuted to review the judgment thereon.

BANGS, WOOD & BANGS, attorneys for plaintiff in error.

HOYNE, O'CONNOR & HOYNE, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

But two grounds were presented by counsel for plaintiff in error upon its motion for a new trial in the court below.

The bill of exceptions recites:

"Whereupon plaintiff, by its counsel, then and there moved the court to set aside the verdict so rendered, and to grant a new trial of this cause, for the reasons, first, that it was a sufficient fulfillment of the implied warranty if the bulk of the tires corresponded with the samples; and, second, that the court ought to have given the instructions asked by the plaintiff in regard to custom. These were the only grounds urged in support of the said motion for a new trial."

Other grounds for reversal, which go to the propriety of the overruling of the motion for a new trial, are now urged, but in view of the foregoing recital of the bill of exceptions we shall consider only the two points indicated. We can not hold that the court erred in denying the motion for a new trial upon grounds which were not submitted to the court as reason for allowing it.

Upon the first of the grounds noted, the learned counsel for plaintiff in error contend that if the bulk of the goods delivered corresponded with the samples, then this recoupment could not properly be allowed. We are of opinion that this contention can not be sustained. For whatever amount of the goods delivered that fell below the quality warranted, the defendant was entitled to recoup its damages, whether such amount constituted "the bulk" of the goods sold or not. Underwood v. Wolf, 131 Ill. 425.

Under the authority cited it is of no consequence that the defendant in error had retained the goods for a considerable time, for such retention, even if it was such as to preclude a rescission, did not prevent a recoupment for the damages resulting from breach of warranty as to quality.

The instruction as to custom, which was refused by the trial court, is as follows:

"3. The court instructs the jury, as a matter of law, that when a contract is entered into the parties are supposed to have reference to the known usages and customs which enter into and govern the business or subject-matter to which the contract relates, if there are any such usages and customs, unless some presumption is rebutted by the agreement itself. Such customs as are universally known to exist enter into and form a part of every contract to

which they are applicable, although they are not mentioned or alluded to in the contract."

Evidence was introduced which tended to show that complaints as to quality of tires sold at a reduced price were not considered unless made within a few days after delivery. It appears from the evidence that the tires here in question were sold at a reduced price. But it does not appear that such reduction was in any way based upon an inferior quality of the goods sold. On the contrary, the goods were sold by sample. The instruction above noted is an abstract statement of law and, if correct, yet the refusal to give it to the jury can not be held to be error. But we are of opinion that it is not entirely correct as an abstract proposition of law. A custom, to be binding, must be uniform, long established and generally acquiesced in, and so well known as to induce the belief that parties contracted with reference to it, when nothing is expressed to the contrary. Turner v. Dawson, 50 Ill. 85; Ills. M. B. Society v. Baldwin, 86 Ill. 479; Converse v. Harzfeldt, 11 Ill. App. 173.

We are of opinion that there was no error in refusing to give the instruction in question.

The learned counsel for plaintiff in error state in their reply brief that they do not seek to have reviewed the sufficiency of the evidence to sustain the verdict.

No other question being presented for our consideration except those above disposed of, the judgment is affirmed.