# The Simpson Construction Company v. Emele Stenberg.

### Gen. No. 12,246.

1. BUILDING CONTRACT—*when recovery cannot be had under.* No recovery can be had under a building contract where the contractor, without the consent of the owner, and to his detriment, substantially varied from the terms of the contract in performing the same, nor, under such facts, can recovery be had for work done and material furnished under a *quantum meruit.*

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S. CORBIN and CHARLES O. LOUCKS, for appellant.

F. M. WILLIAMS, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This suit was brought by appellant against appellee to recover the contract price for a cement sidewalk. Appellee

Simpson Construction Co. v. Stenberg.

owned two lots in the village of Berwyn. June 19, 1902, the village passed an ordinance for the laying down of cement sidewalks by special assessment along the streets on which the property of appellee faced and sided. It was provided in the ordinance that the walk should be 5 1-3 feet wide and be 12 inches in thickness. This 12 inches was to be made up of a foundation of 8 inches of cinders thoroughly flooded and tamped, on which should be placed 3 inches of concrete, wet and rammed, and over that should be spread a wearing surface of cement one inch in thickness. It was also provided that each owner who should construct such a walk in front of his premises within a limited time should thereby be relieved from the special assessment.

It was further provided that "said materials and construction shall be under the supervision and subject to the approval of the village superintendent of the village of Berwyn."

It appears that nearly all, if not all, of the walks provided for by this ordinance were laid by appellant either under private contract or under contract with the village.

August 2, 1904, appellee employed appellant to construct the walks abutting upon her property. The contract provided that the work should be done "according to village specifications, lines and grades. For which I (appellee) agree to pay 13 cents per square foot, filling included. * * * Terms cash."

In October, 1902, appellant laid these walks, and on the 29th of that month sent a bill for the same to appellee. This bill she refused to pay. Appellant brought suit in a justice court and there obtained a judgment for $141.85, the amount of the bill. Upon appeal to the County Court the cause was tried before a jury, who brought in a verdict for appellee, and judgment being rendered on that verdict, appellant brings the case to this court.

It is not questioned but that appellant is entitled to recover for the amount stated in the bill rendered, if it can recover anything. The walk, so far as its surface is concerned, its width, and its length, is not criticised. The ob-

jection made is that the walk lacks the prescribed thickness. Appellee and her husband, who was her agent in this behalf, resided upon these lots at the time the walk was in process of construction. The sub-foundation had been prepared and the cinders were laid thereon for ten days before the concrete and cement were put in place. During that time Mr. Stenberg passed over these cinders at least twice a day. He recognized the village superintendent as the superintendent and inspector of this work, and he knew that the work must be approved by that officer. He also knew that the superintendent had approved the walk as laid.

The preponderance of the evidence (which we do not think necessary to detail) is that this walk measured at divers times from a month to two years after it was laid, but 7 to 9 inches in thickness; and it is inherent in the verdict that the jury so found. They must have also found that a walk deficient from 1-3 to 7-12 in thickness did not substantially comply with the specifications of the ordinance.

Appellee ought not to be held to have accepted the walk by merely suffering it to remain in place. It is not a thing that could be picked up and tendered to appellant. There is no evidence of any affirmative act on the part of appellee which tends to show that she approved of and accepted the walk. Coggeshall v. Mates, 13 Ill. App., 117.

The court, at the request of appellee, told the jury that the ordinance referred to in the contract was a part of that contract; that there could be no recovery if they believed from the evidence that appellant did not furnish the material and perform the work substantially as called for by the contract; and that if in furnishing the material and in doing the work appellant made a substantial variance from the terms of the contract, to the detriment of appellee, there could be no recovery under the contract, or on a *quantum meruit*. Appellant assigns as error the giving of the three instructions which state the two last mentioned propositions of law. We are satisfied that these instructions are substantially correct statements of the law of this case, and that their defects, if

any, do not amount to reversible error. Evans v. Howell, 211 Ill., 92.

An instruction tendered by appellant concerning the effect, upon the rights of appellee, of the approval of this walk by the village superintendent was refused by the trial judge. This instruction lacked a statement of the necessary element of "good faith" upon the part of such superintendent in his approval of this work. We are therefore of the opinion that the court was justified in his refusal to give this instruction to the jury in the form in which it was presented.

The judgment of the County Court is affirmed.

*Affirmed.*