## Caroline Kneip et al., Appellees, v. Charles H. Schroeder, Appellant.

### Gen. No. 14,778.

1. TRIAL—*when should be advanced.* A party restrained from constructing a building should be accorded a speedy trial and the cause advanced if a hearing upon *ex parte* affidavits has been unsatisfactory and such as to require the chancellor in the exercise of his discretion to maintain the *status quo* by injunction.

2. INJUNCTIONS—*when should be awarded.* An injunction upon *ex parte* affidavits should be awarded when the showing made by the respective parties is such as to preclude a satisfactory decision, if it is essential that the *status quo* be maintained in order that ultimate justice may be done.

3. INJUNCTIONS—*when order with respect to construction of building not void for uncertainty.* Held, that the injunction granted in this case was not void for uncertainty where it restrained the defendant from placing the front wall of his building upon a certain position with respect to the building line which was in dispute.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed November 12, 1908.

ARNOLD TRIPP, for appellant.

CHARLES A. WILLIAMS and J. B. LANGWORTHY, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The chancellor in the court below granted a temporary injunction, in accord with the prayer of the bill, restraining appellant from erecting a building on the property owned by him described as lot 22 and the south half of lot 21 in block 8, in Lane Park addition to Lake View, within twenty feet of the front lot line.

The appellees are owners of property improved with residences upon Janssen avenue, the street upon which appellant intends to build an apartment house build-

ing. The right to an injunction is predicated on the alleged facts that on both sides of Janssen avenue, between Roscoe and Cornelia streets, where the property of all the contestants is situated, there is, by the plat of the subdivision, a building line restricting the erection of buildings to within twenty feet of the street lot line; that this restriction has been recognized by all the owners, including the parties to the bill, who have built and maintained their several houses in accord therewith; that appellant, in addition to the premises in dispute, is the owner of lots 40, 41 and 42 in the same block, and on said lots has erected buildings in conformity with the restrictive building line.

The bill, on the point of uniformity of action of the building property owners, alleges that "throughout the history of the subdivision, and from the time the first improvement began until the present time, there has never been any violation or infraction of the building line as established and shown on the plat, and that all improvements were made with reference to the building line".

The injunctional order was granted after a hearing of the parties on proofs resting in *ex parte* affidavits. No witnesses were produced for cross-examination, neither was the answer of appellant to the bill filed. By the affidavits of appellant it is averred that none of the property holders on either side of the Janssen avenue block designated have constructed their improvements within the twenty-foot building line, but that all of them, including appellant, have more or less disregarded the building line and placed portions of their buildings outside of the building line, and that to the time of the filing of the bill all the lot owners have acquiesced in such violations and refrained from making any protest. Two surveys made by different surveyors form a part of the affidavits read upon the hearing. They purport to show the front line of the several improvements, but they are not in accord.

Appellant asks a reversal of the injunctional order

upon three grounds, viz: (1) Because there exists no building line that any of the property holders, including appellees, have ever lived up to; (2) because the character of the property has changed, and appellant's lot is no longer adaptable for residence purposes, and (3) that the injunctional order is void, because it is indefinite and incapable of being understood.

In the conclusion at which we have arrived it is unnecessary for us to pass upon the merits of the controversy, either upon the facts or the law, as they will not become factors in construing the rights of the parties until a full hearing has been had and a decree on such hearing rendered by the chancellor.

Whether or not the building line, the existence of which appellant admits, has been disregarded by the property owners so as practically to work its abrogation as a restriction, depends upon the facts as to the manner of the construction of existing improvements with reference to said building line, and upon the law as to whether stoops, steps and piazzas erected upon the restricted twenty feet are violations of the building line compact. This we are unable to decide from the conflicting affidavits of the several parties. They are *ex parte,* and, in the absence of cross-examination of the affiants, entirely unsatisfactory. Neither are we able to say from the affidavits submitted that the character of the property has changed so that in law the building line restriction is no longer binding. All these questions affecting the rights of the parties can be settled after a hearing upon the bill, answer and replication, where the facts may be demonstrated in the usual manner and the witnesses of the several parties submitted to cross-examination by the opposing party. We think that, as the cause was presented to the chancellor in the unsatisfactory way in which it was, he had no alternative but to grant the temporary restraining order sought by the bill to preserve the *status quo* between the parties; but we suggest that

appellant should not be delayed in the construction of his proposed building more than is absolutely necessary to a proper and impartial hearing of this controversy, and we suggest that it is a case where the chancellor would be justified in speeding the cause and granting as early a hearing as the state of his docket will permit in justice to other litigants in his court.

The state of the litigation here involved is in reasoning and analogy very similar to the state of the case in Child v. Douglas, 54 Eng. Chan. Rep. 739, in which Lord Justice Sir Knight Bruce said: "As to three of these four points, the present impression upon my mind, on the materials before the court, is unfavorable to the plaintiff's case. Still, if the act intended to be done by the defendant were one which if completed would substantially or seriously prejudice the plaintiff or his house, I should probably have been disposed, even with the view which I take of three of the points, to interfere by injunction, until the question in dispute could be decided at the hearing". So in this case, if the temporary injunction should be denied and the defense of appellant fail upon the final hearing, the act of building if completed would, in such circumstances, not only substantially but seriously prejudice appellees and their property.

We are unable to accord our assent to the contention of counsel that the injunctional order is void for uncertainty. The restriction is solely to the placing of the front wall of the building, without regard to any other part of such structure.

The order of the Superior Court granting a temporary injunction is affirmed.

*Affirmed.*