Caroline Kneip et al., Appellees, v. Charles H. Schroeder, Appellant.

Gen. No. 15,872.

1.   EASEMENTS—*when custom not competent.*   A custom by which a building line has been habitually violated, *held,* under the circumstances, incompetent.

2. EASEMENTS—*what infraction of building restriction.* A building line restriction is infracted by the erection of bay windows over such line.

. 3. INJUNCTIONS—*when do not lie to restrain infraction of building line restriction.* The infraction of a building line restriction cannot be enjoined at the instance of one who himself has violated such restriction.

Bill in chancery. Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded with directions. Opinion filed November 20, 1911.

ARNOLD TRIPP, for appellant.

CHARLES A. WILLIAMS and J. B. LANGWORTHY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellees, hereinafter called complainants, filed their bill in chancery alleging, among other things, in substance, that they were residents of Chicago and the owners of certain described premises located on Janssen avenue between Cornelia and Roscoe streets; that the plat of the subdivision including said premises was made and recorded in 1886, showing thereon a building line twenty feet back from the front lines of the said lots on Janssen avenue; that the said premises were platted and sold as residence lots; that two thirds of the said premises had been improved with substantial buildings, all in compliance and conformity with the said twenty foot building line, and was entirely residence property; that the said appellant, hereinafter called defendant, had knowledge of the said building line and had prior thereto erected upon other of the lots mentioned buildings in conformity with the said building line; that the said defendant was about to erect upon certain of said described premises a three story stone and brick building extending to the street

line thereof, in violation of the said building line restriction; that the erection of said proposed building would be in violation of the said building line condition under which the complainants purchased and improved their respective premises, and would shut out the complainants' view, cause irreparable damage to their property, etc. The complainants prayed that the defendant be enjoined from so erecting said proposed building. An interlocutory injunction was issued and on appeal affirmed in this court, and reported in 144 Ill. App. 620.

The defendant thereupon answered, and the cause was placed at issue. On a hearing before the chancellor the court entered a decree finding the issues for the complainants and, among other findings, "that in each and every instance the building line as so established and shown on said plat has been substantially observed and respected and adhered to," and enjoined the defendant from erecting the said proposed building over or beyond the said twenty foot building line.

While much evidence was introduced on the trial, there was very little controversy pertaining to the physical conditions existing in the locality in question. Janssen avenue, begins at Roscoe street and extends north sixty-six feet wide. About one hundred fifty feet north of Roscoe street the Northwestern Elevated Railroad structure crosses Janssen avenue. On the west side of Janssen avenue, just south of and adjacent to the elevated railroad structure, is a two story basement and frame building. This is the only building on Janssen avenue between the elevated structure and Roscoe street. The defendant proposed to erect a three story building on the east side of Janssen avenue just south of and adjacent to the elevated railroad structure. The complainants' premises are on Janssen avenue between the said elevated structure and Cornelia street, the next street north of Roscoe street. It is a residence block. That portion of Jans-

sen avenue north of the elevated structure is nearly all built up with residences and flat buildings. The lots are 37 1-2 feet front and 120 feet deep, but many of the buildings occupy a lot and a half. A twenty foot building line had been established and the so-called front walls of all the buildings had been built substantially on the building line, in compliance thereto. With every building bay windows, porches and steps were erected extending beyond the building line; except a one story frame building, where only the steps extended beyond the building line. In most instances the bay windows extended from the foundation up the whole height of the building and were of various dimensions. On the premises owned by the complainant Helwig the bay window extends over the building line substantially two feet, four inches; and on the premises owned by the other complainants the bay windows extend over the building line substantially three feet. On other premises the bay windows extend over the building line four feet; others four feet and five inches, another five feet and three inches, and another five feet and eight inches. Some of these bay windows are what are called square extensions, being built at right angles with the building from the foundation to the roof, and some extend more than half way across the front of the building. In most instances the bay windows and porches together extend substantially across the entire front of the building. The porches are of various dimensions and the steps begin at various distances from the street line of the lot. The steps on the premises owned by complainants Rosalie and Augusta Schulta begin about three feet from the street line of their lot.

The bay windows, or square extensions, built from foundation to roof, as shown by the evidence in this case, are manifestly the outer walls of that portion of the building. It follows that these extensions come within the rule laid down in Curtis v. Rubin, 244 Ill. 88.

The court there said: "The bays, which extended into the reserved space over the building line and ran up the whole height of the houses on the same foundations and with the same walls, were violations of the restrictions. (Linzee v. Mixer, 101 Mass. 512; 5 Am. & Eng. Ency. of Law, 2nd ed., p. 7). * * * Unquestionably if they had observed the line themselves and not assented to its violation by others, equity would have protected their rights. * * * We do not think that the complainants, who had disregarded the restriction and abandoned the building line created by the plat, could be heard to object that the defendants were violating the condition to a greater extent than they were." This authority seems to us to be controlling and its language especially applicable to the case at bar.

The testimony of an architect, a former building commissioner of the city of Chicago, building contractors and men in the real estate business, was introduced that it was the custom in said city to build architectural or ornamental designs, that is, bay windows, porches, steps, water tables, cornices, etc., extending beyond the building line, and that the same was not in violation of the building line. One contractor testified that a bay window built more than five feet over the building line would be in violation thereof. The architect testified that about seven feet over the building line was as far as a bay window might extend without violation thereof. It seems that it was largely a matter of opinion of the witnesses how far a bay window, or square extension, built from the foundation to the roof of the building, might safely be constructed and not be in violation of the building line. On a careful examination of the testimony, we find no evidence of a general usage or custom of any certain or uniform distance over the building line that a bay window, or square extension, might be constructed from the foundation to the roof of the building without being in violation of the building line restriction.

In Wilson v. Bauman et al., 80 Ill. 493, the court said, in relation to proof of a custom: "It must be shown to be ancient, certain, uniform, reasonable, and so general as to furnish this presumption of knowledge by both parties," and also, "it cannot be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties, or against the established principles of law." C. C. C. & St. L. Ry. Co. v. Jenkins, 174 Ill. 398; Cold Storage Co. v. Produce Co., 197 Ill. 457.

Moreover, the evidence pertaining to a custom of building bay windows in violation of a building line was incompetent. The complainants cannot be permitted to show a custom whereby they and others have violated a building line, for the purpose of invoking the power of a court of equity to compel the defendant to conform to and observe a building line restriction that they have themselves violated, and claim it is the custom to so do.

The decree is reversed and the cause remanded with directions to dissolve the injunction and dismiss the bill for want of equity.

*Reversed and remanded with directions.*