# BRADLEY FOLLIOTT, Appellant, *v.* CARLTON C. HUNT, Appellee.

## APPEAL FROM PEORIA.

If work is done under a special contract, the price to be paid must be governed by the stipulations of the contract, even where it is abandoned for justifiable reasons.

THIS was an appeal from the judgment of a justice of the peace in the county of Peoria, to the Circuit Court of that county.

There was a trial by jury, before POWELL, Judge, and a verdict and judgment for Hunt against Folliott for $102.20, from which Folliott appealed to this court.

About the first of July, 1856, Folliott agreed with Hunt, that if he would carry the mail from Farmington to Burlington, for the period of two years, that Hunt should receive therefor, quarterly, from Folliott the post office and treasury orders, from the government to Folliott, for performing that service, Folliott being the contractor with the government. Hunt carried the mail for about four months, when not receiving the compensation quarterly therefor, as promised, he abandoned the contract, and sued Folliott on a *quantum meruit.*

On the trial, the court gave the following instructions at the instance of plaintiff below, which are excepted to:

1st. If the jury find, from the evidence, that the plaintiff rendered the services for the defendant, as charged, for an agreed price, they will render a verdict for such amount.

2nd. If the jury find the services charged, were rendered upon a contract for a longer time, and the defendant was to make quarterly payments for such services as a part of said contract, and failed to make such payment as stipulated, the plaintiff would then have a right to abandon the service, and collect of the defendant what his services rendered were really worth.

3rd. If the jury find it was the duty of the defendant under the contract, when he received the orders or drafts, to pay them over to the plaintiff, then the plaintiff would be excused from making any demand for the same, on the defendant.

A motion for a new trial was overruled.

It is assigned for error, that the court gave improper instructions at the instance of the plaintiff; that the verdict is contrary to law; that the verdict is clearly against the evidence, and that the court erred in overruling the motion for a new trial.

C. BONNEY, for Appellant.

E. G. JOHNSON, for Appellee.

CATON, C. J. The second instruction given for the plaintiff below was wrong. We have repeatedly decided that where work is done under a special contract, the price of the work must be governed by the stipulations of the contract, although the party may be justified in abandoning the contract, and bringing his action for the *quantum meruit* of the work. If under

the circumstances, the plaintiff has suffered damages by the breach of the contract, over and above the price of the work fixed by it, he must recover for such breach, but that cannot influence the price he shall recover for the work he has done.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*