## EZRA B. LINCOLN

### *v.*

## JACOB G. SCHWARTZ *et al.*

1. ACTION—*right to abandon contract and sue for part performance.* In a contract to furnish materials and do work on a building, where the employer refuses to pay for the work and material furnished, on the architect's certificate, as he has agreed to do, the employee will be justified in abandoning the work, and he may recover for the work done and the materials furnished.

2. FRAUD—*impeaching architect's certificate.* Where, by contract, the owner of a building in process of erection was to pay the contractor for his labor and materials as the work progressed, the fact that the work specified in the architect's certificate lacked some $45 of being completed will not be sufficient to impeach the certificate for fraud, and justify the owner in refusing to pay for at least the work actually done.

3. MEASURE OF DAMAGES — *on partial performance.* Where a party was employed to do the whole work in the building of a house, at a given

price, to be paid for in installments, on an architect's certificate, and the contractor abandoned the work for good cause, and, in a suit to recover for the work done and materials furnished, the court instructed the jury that the plaintiff was entitled to recover their reasonable worth: *Held*, that as the contract itself furnished no rule to determine the value of any specific portion of the work, the instruction was not erroneous, nor in violation of the principle that the special contract affords the rule of damages, so far as it can be traced and followed.

4. PRACTICE—*placing cause on trial calendar.* Where a rule of court only authorizes a cause to be placed upon the trial calendar when at issue, a cause was placed upon that calendar in which the general issue was pleaded, and a special plea showing a breach by the plaintiff of the contract sued on, but which alleged no sum as damages. The court refused to strike the cause from the docket, on defendant's motion, and after this the special plea was amended and replication filed, and a trial had: *Held*, that as the cause was substantially at issue, the court did not err.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, brought by Jacob G. Schwartz and Conrad Kies, partners, etc., against Ezra B. Lincoln, the declaration containing only the common counts. The facts of the case appear in the opinion.

Mr. W. T. BURGESS, for the appellant.

Messrs. SHOREY & NORTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of general *indebitatus assumpsit*, brought by Schwartz & Kies against Lincoln, to recover for work and labor done and materials furnished. A verdict was rendered in favor of the plaintiffs, in the court below, for $1000, upon which judgment was entered, and the defendant appealed.

The main grounds of error assigned are, that the verdict was against the evidence, and that an erroneous instruction was given for the plaintiffs.

It was in evidence, that, in the summer of 1871, Schwartz & Kies agreed to do certain mason work for Lincoln, about

a building he was erecting in Chicago, for an aggregate sum of $2880, to be paid as the work progressed, on the architect's certificates. The contract was made in writing, and partly performed before the fire of Oct. 9, 1871. In that fire the contract and plans and specifications were destroyed. Schwartz & Kies had all the material on the ground, with a slight exception, for completing the contract.

There is a conflict in the testimony of the parties as to what took place immediately after the fire. The appellees say, that Lincoln decided not to go on with the work. Lincoln denies that, and says he was ready to go on as soon as the plans, etc., could be restored. Some two or three weeks afterward, when there had been a considerable advance in the price of labor and materials, the parties met at the architect's office, and entered into an arrangement that the appellees should go on with the work for the additional sum of $740, to be added to the contract price. Appellees were to go on immediately with the work, and a contract, in writing, was to be drawn up by the architect, which he afterward did draw up, and Lincoln signed the same, but Schwartz & Kies, on objections made to it, refused to sign it. They performed several additional days' work, and applied to the architect for a certificate. He inspected the work, and gave them a certificate for the amount of $700, which covered the stone foundation entirely, less fifteen per cent, and included some of the brick that were on the ground, and not yet used.

Appellees testify that Lincoln refused to pay the certificate because he had not the money, and after working some three days longer they ceased work, because of Lincoln's refusal to pay the certificate. Lincoln testifies that he was to pay nothing until the first story was up. Appellees say he was to pay as the work progressed.

The material was left on the ground, which Lincoln afterward used.

The work specified in the certificate lacked some $45 of having been completed, and it is therefore claimed that the

certificate was fraudulent, and that Lincoln was not bound to pay the same on presentation. The fact that the work specified in the certificate had not been entirely completed, was known to the architect, and we do not regard it as sufficient to impeach the certificate in the respect claimed. Lincoln, under the testimony of the appellees, should have paid the certificate, or at least a portion of it—all but the small uncompleted part of the work specified.

Defendant had in, it is true, a plea of set-off of damages for the breach of the contract on the part of Schwartz & Kies, but we are of opinion that, at least under their own testimony, the appellees were justified in not going on with the work, because of the default of Lincoln. *Bannister* v. *Read,* 1 Gilm. 100, *Withers* v. *Reynolds,* 2 B. and Ad. 882.

The evidence in the case was conflicting. Upon its examination we do not find any such preponderance against the finding of the jury as to authorize an interference with it, as being against the weight of the evidence.

The instruction given for plaintiffs was, that, under the facts therein set forth, the plaintiffs had a right to suspend work on the building, and were entitled to recover the reasonable worth of the material furnished and labor done. The exception taken to the instruction is, as respects the rule of recovery, that recovery could be had only for the value of the work done according to the price, as regulated by the contract.

It is not apparent how the prices of specific parts of the work were regulated by the contract. The contract was, to do the whole work for a specific sum of money, to be paid for in installments, on the architect's certificates ; and the contract furnished no rule to determine the value of any specific portion of the work.

For anything disclosed in the evidence in the case, and as applied thereto, we fail to perceive wherein the instruction given can be held as in violation of the rule that the special contract affords the rule of damages, so far as it can be traced

and followed.   Under the evidence it is not apparent that it would have been any more favorable to the appellant, had the rule of recovery been laid down as he contends that it should have been.

It is urged that there was error in overruling the defendant's motion in the court below, to strike the case from the trial calendar.

By the rule of that court, a cause was only to be placed upon that calendar when at issue.

The defendant, having first pleaded the general issue, some time afterward pleaded specially, as a defense, the breach by the plaintiffs of the original contract entered into between the parties before the fire, omitting to allege any sum as damages, and the pleadings so remained until after the overruling of said motion.   The defendant thereupon took leave to amend his special plea by inserting the sum claimed as damages. The plaintiffs then filed a replication traversing the plea.   The cause was then tried, all the parties testifying, together with the architect.

The court appears to have regarded the cause as substantially at issue under its rule, when placed upon the trial calendar.

We can not hold that there was error in this ruling of the court.

The judgment must be affirmed.

*Judgment affirmed.*