. Thomas S. Dobbins *et al.*

*v.*

Henry O. Higgins *et al.*

1. Continuance. . Where the declaration contained only the common counts, and there was a stipulation between the parties that the plaintiff might introduce any evidence that would be admissible under any special count that could be drawn on the contract, and the plaintiff amended his account by adding an item thereto, for which a special count had been drawn: *Held,* that, under the stipulation, evidence as to such item could `have been introduced without amending the account, and it was not error to refuse a continuance on account of such amendment.

2. Contract—*when may be abandoned—measure of damages.* Where, by the terms of a contract, parties performing labor under it are to be paid at the end of each month, for the labor performed to that time, and they are not paid at the stipulated time, and are, by reason thereof, compelled to abandon the work, they have the right to do so, and are entitled to recover for the work done and not paid for, *pro tanto,* at the contract price.

3. Where a contract is made, by which a party undertakes to do the grading on a railroad, and gives a bond for the faithful performance of his part of the contract, he is entitled to receive the compensation provided for in the contract at the times and in the manner therein provided for, and those with whom the contract was entered into have no right to withhold any part thereof for the purpose of paying the hands or sub-contractors on such work, and if they do so, the contractor has the right to abandon the contract and sue for and recover compensation for damages.

4. In such case, it seems that the bond given by the contractor for the performance of his contract is relied on, instead of inserting a clause in the contract authorizing the payment of the hands and sub-contractors, and the deduction of such payments from the sum to be paid the contractor.

. 5. Interest *on money payable in installments.* Where, by the terms of a written contract, payments become due on a certain day in each month, it is proper to allow interest on such sum as may be due on the specified day, from that time until paid.　· ·

Appeal from the Superior Court of Cook county; . the Hon. John A. Jameson, Judge, presiding.

Messrs. SAWIN & JONES, for the appellants.

Messrs. MONROE, BISBEE & BALL, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

We perceive no error in refusing a continuance by the court below. It was stipulated by the parties that plaintiff might introduce any evidence that would be admissible under any special count that could be drawn on the contract, and defendants might introduce any evidence that would be admissible under well drawn special pleas to the action. Suppose that there had been a special count, claiming extra pay on account of hard-pan excavation, would it not have apprised defendants of such a claim as fully as adding a charge for that item ; and defendants had stipulated as to the introduction of evidence, as though the count was in the declaration. It was, in fact, more than plaintiff was required to do, when he inserted the item, as, by the terms of the stipulation, he could have introduced the evidence without amending his account.

We fail to find that any portion of this item was embraced in the verdict. Appellees say this item was abandoned on the trial, but we fail to find it noticed in the abstract, nor do counsel refer us to the portion of the record where it may be found, and we have not consumed the time requisite to search the voluminous record in the case.

That there was a breach of contract on the part of appellants, can not be contested. By their contract, they were bound to pay on estimates at the end of each month. But they neglected or refused to pay for the work done in October, for twelve days or more, and a portion of that time after appellees had given them notice that a further failure to pay would be treated as a rescission, and they would be compelled to abandon the work, which the evidence shows they did, not from choice, but from necessity. They show they could not proceed, for the want of means, but could have

442  Dobbins *et al. v.* Higgins *et al.*  [Sept. T.

Opinion of the Court.

proceeded to the completion of their part of the contract, had appellants paid them this money. Nor do they show a sufficient excuse for refusing to make payment. Their contract was to pay appellees, and not their hands, sub-contractors or their hands. They had taken a bond from appellee, to secure the faithful performance of their part of the contract. They seem to have relied upon this bond, instead of inserting a clause in the contract authorizing them to make such payments and deduct the amount from the sum they were to pay appellees. Appellants had no right to superadd new terms and conditions to the agreement, but they were bound to perform it as they made and executed it. This was the duty of both parties. Having failed to make payment for the work performed in October on the contract, appellees had the unquestioned right to abandon the contract and to sue for and recover compensation for damages.

The correct measure of damages was adopted by the instructions given for appellees. They informed the jury that they had a right to recover for the work done and not paid for, *pro tanto*, at the contract price. This has been repeatedly held by this court to be the true rule in this character of cases.

It is objected that there was error in allowing a recovery for interest on the amount withheld by appellants.

The second section of the Interest law, R. S. 1874, p. 614, provides that interest at the rate of six per cent shall be allowed on money after it shall become due, on any bond, bill, promissory note or other instrument in writing. Now, this money became due and payable, under this agreement, on the 3d day of November, 1872, under and by the terms of this contract, and hence it falls within the provision of the statute.

It remains to determine whether the court below erred in rejecting appellants' set-off for money paid to appellees' subcontractors and the pay-rolls of their men. They claim that appellees authorized them to make such payments. This they

deny, and in it they are corroborated by Col. Hough, who testified they were not so authorized. On the other hand, there are three witnesses who think that such authority was given, but they are not positive and definite as to what was said. We think the evidence for appellees on this question is clearer and more satisfactory than that of the other witnesses.

We do not regard the evidence offered by appellants as preponderating over that of appellees. At any rate, it was for the jury to determine, after weighing it in the light of all the surrounding circumstances, and they having acted upon it, we are not disposed to disturb the conclusion they have reached.

We perceive no error in this record which requires a reversal, and the judgment must be affirmed.

*Judgment affirmed.*