GILBERT B. WATROUS AND NANCY M. WATROUS

v.

ISAAC DAVIES.

*Mechanics' Liens—Evidence—*Quantum Meruit.

In a suit for mechanic's lien where the mechanic was wrongfully discharged, the value of the work done must be measured, under Section 11 of the Lien Act, in proportion to the contract price of the whole work.

[Opinion filed April 21, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. MERRITT STARR and W. D. WASHBURN, for appellants.

Watrous v. Davies.

Messrs. W. H. Sisson and C. F. Gooding, for appellee.

Gary, P. J.   This case was so loosely tried upon the evidence in the Superior Court, and the appellants relied so much upon the strict law, and so little upon the facts and merits, that they could hardly have ground for complaint, if they suffered injustice as the result.   But it is nevertheless reasonably certain that the appellee has got a decree for a great deal more than he is justly entitled to.

The contract between the appellee and G. B. Watrous, appellant, was to furnish material and do the carpenter work of some houses for $3,250.   He performed a part of the contract, and enumerates in his testimony the particular items, which he says come to $1,346.

He has been paid $981, without reference to a payment of $160 for lumber which the appellants seek to charge him with.   In a vague, ambiguous way, which might, if by itself, have to stand as the whole truth, he does testify that the value of the building or work that he did upon the building, and the material that he furnished was $2,302; that the materials were all put into the building, and that after giving credit for the money he had received there was due him for what he did and furnished for the building, $1,300.

Whether he was rightly discharged from the work was for the court to decide upon conflicting evidence.   That decision this court would not disturb if the case turned upon that question.   The contract did not leave it to the judgment of the architect or of Watrous, whether the appellee had given cause for his discharge, and to justify it, sufficient cause must be proved on the trial.   If unjustifiable, then, as such discharge would prevent performance by appellee, he would be entitled, under Sec. 11 of the Lien Act, to a lien for what he had done, and would not need any certificate from the architect as to the amount.   Such wrongful discharge, being a rescission by Watrous, would relieve the appellee from all the terms of the contract, except that the value of what he had done would, under that section, be measured in proportion to the price stipulated for the whole.

There was no effort to get at that proportion in this case. The testimony of the architect that $1,000 was the value of all the appellee had done, would not necessarily overcome the testimony of the appellee if this were clear and unambiguous, but the appellee has by his own writing corroborated the architect almost to the figures the latter gives. In a letter dated ten days before the contract should have been completed, in which no complaint was made of delays by masons, as he testified on the trial, he writes that he is prepared and has been to carry out his contract according to its letter and spirit; that he had the lumber on the ground, and is prepared to offer bond and furnish parties who will complete the contract for $2,000. There is no dispute that Watrous paid $2,700 to have the work finished. For want of any show of compliance with Sec. 11 of the Lien Act as to the amount of the recovery, the decree must be reversed, but more pains should be taken on another trial, to show the real merits.

*Reversed and remanded.*