## Demme & Dierkes Furniture Company v. McCabe.

1. *Contracts—Work, Labor and Services.*—Where a person enters into a contract to complete a piece of work for a stipulated sum and is prevented from fulfilling it by the default of the party for whom the work is to be performed, he is excused from completing the performance and may recover *pro tanto* at the contract price.

2. *Instructions—Erroneous, Not Cured by Proper Ones, Unless, etc.*—An erroneous instruction is not cured by the giving of a proper one for the opposite side, unless the court can see, everything considered, that the jury were not misled, and that the verdict was clearly the proper one.

Memorandum.—Action of assumpsit. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

WHEELER & HUNTER, attorneys for appellant.

RICHARDSON BROS., attorneys for appellee.

OPINION OF THE COURT, LACEY, J.

This is a case originally commenced before a justice of the peace by one Lowe, a creditor of E. O. McCabe, by garnishee proceeding in favor of McCabe, for use of Lowe against the appellant, and by appeal taken to the Circuit Court; and upon trial in that court appellee was successful and recovered judgment against appellant for the sum of $76.48, rendered on verdict of a jury.

It appears that appellee, McCabe, contracted with appellant to make some furniture in its shop at Kankakee, at a stipulated price, or rather a certain number of pieces at a certain price per piece, to wit: 150 beds at $1.50 apiece; 200 beds at twelve cents per piece; 200 toilets at nine cents per piece; 200 other beds at thirty cents per piece; 200 other toilets at fifteen cents per piece, or eighteen cents; 500 beds at four and a half cents a piece, and twenty-four sample beds at no set price. Appellee did not finish the sample beds; he made the foundation for all of them and got them all started. None of the work was completed except four of the sample beds; the 150 beds were nearly completed. Appellee employed men to assist him. The appellee testified that he did not charge appellant by the day, and appellant did not keep the men's time. The claim of the appellee is that he abandoned his contract because appellant failed to furnish material to do the work with as it had agreed.

The appellee testified that the appellant owed him $70.20, and that they owed him for hired help, or help they told him to hire, $46.47. The men appellee hired were looking to him for their pay.

The testimony of the appellant was, that it paid him on the contract $115.15, and that after appellee left, they finished up all the beds at the contract price. The company advanced to appellee as the work progressed. Appellant completed the work that it had contracted to appellee, after

he abandoned it, at a cost of $200.45.  It paid him for seventy-two hours work at twenty cents per hour, amounting to $14.40, and paid him $8.15 for the work he had done by the day, which he accepted for the work he had done on the samples; appellant paid appellee on the contract $118.15, and paid out for him in finishing the work $200.45.  The work at the contract price would have been worth $275, and $14.40 on the sample beds, making $289.40, if the contract had been finished, including the sample beds, leaving a balance in appellant's favor of $21.05.

It will be seen that appellee testified to the balance due him in a lump, without showing how he arrived at the amount, or on what basis he calculated it.  He also charged the appellant with the wages of the men he employed on his contract.

Under this state of the evidence the court instructed the jury for the appellee, in its first instruction given for him, that in case appellee was working by piece work, and appellant failed to furnish the lumber and stock to complete and finish such work, " then in law the plaintiff would be entitled to recover what his work was reasonably worth,"

By the second of appellee's instruction, under similar circumstances recited in it, the court told the jury that appellee would " be entitled to recover for the labor he did perform on the work."  In the third of appellee's instructions the jury was instructed by the court, that appellee, under similar circumstances recited, was " entitled to recover for the work he did do under the contract, and you (the jury) should so find."

Thus it will be seen that the basis of recovery laid down in the first instruction was on a *quantum meruit*, and the second and third were ambiguous as to the basis, but the jury was justified in believing, in connection with the first, that they meant that the recovery for appellee's work should also be on the basis of *quantum meruit*, and the appellee was entitled to recover for his labor for what it was reasonably worth.

It appears to be the law, where one enters into a con-

tract to complete a piece of work for a stipulated sum, and is prevented from fulfilling it by the fault of the party for whom the work is to be performed, he is excused from complete performance, and may recover *pro tanto* at the contract price.

The appellee, in such case, is not bound by what it cost appellant to finish the work. A proper basis is to make an estimate of what proportion of the entire work was completed. That may be proven in other ways by any witness acquainted with such work, who could testify as to what proportion of the whole was finished.

The amount of what it cost appellant to complete the contract, is only evidence tending to prove what portion was done by appellee, if it be shown the contract price was a compensating one.

The appellee was not claiming for day's wages, and there seems to be no doubt as to the rule of law that the contract price should govern. Dobbins v. Higgins, 78 Ill. 440; Fullett v. Hunt, 21 Ill. 654; Holmes v. Stummel, 24 Ill. 370; Wilson v. Bussman et al., 80 Ill. 493.

The first instruction was erroneous, and the second and third given for appellee, were misleading.

It is true the court laid down a different rule for the appellant, and directly contrary to appellee's first instruction, which left the jury a matter of choice to accept either rule it saw proper. An erroneous instruction is not cured by the giving of a proper one for the opposing side, unless the court can see, everything considered, that the jury was not misled, and that the verdict was clearly the proper one. And the fourth of the appellant's instructions is too favorable to it, as it tells the jury that if appellee did not complete the "beds he commenced" (whether by his own fault or not) "then the defendant would have a right to complete such beds and charge the reasonable cost of the same to Mr. McCabe."

It will be seen from what we have said, that in case appellee was compelled to abandon his contract on account of the fault of appellant in not furnishing material, then he

could recover *pro tanto*, according to the prices fixed by its terms.

Appellee would not be in fault, and can recover in proportion to the work done at the contract price, without reference to what it may have cost appellant to complete it.

He would not be bound or estopped by the cost appellant incurred in finishing the beds, if it be conceded it wrongfully prevented him from completing his contract.

The rule of law announced by the instruction would allow appellant, of the money due appellee, compensating damages for failure to perform the contract, even if caused by the former's fault. If the contract had been taken under reasonable price, appellee must respond in damages at all events. This was allowable only where he had no justifiable cause in abandoning it.

From the evidence preserved in the record, we are not entirely satisfied that the verdict is just and supported by it.

For the errors of the court above indicated, the judgment is reversed and the cause remanded.