Chicago Training School v. Davies.

Assumpsit, for commissions. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

REMY & MANN, attorneys for appellant.

CLARK & CLARK, attorneys for appellee.

---

## Chicago Training School, etc., v. Isaac Davies.

64   503.
88    54

1.  DAMAGES—*Manner of Estimating—Work Done Under a Contract.*—When a party seeks to recover for work done or materials furnished under a special contract, the contract must govern as to the value of the work and materials supplied. The contractor can not recover upon a *quantum meruit* or *quantum valebat*, disregarding the prices fixed by the contract, although he may, by the wrongful act of the other party to the contract, have been prevented from completing the same.

Assumpsit, work, labor, etc.—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

JONES & STRONG, attorney for appellant.

WILLIAM H. SISSON, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee having contracted with appellant to do the car-

penter work upon a building it was erecting, began the performance of his contract. Much fault was found with appellee by the superintending architect, he claiming that appellee did not keep a sufficient force at work, and was behind in his performance, thus delaying other contractors.

After much complaint to appellee, appellant, as the contract provided it might, if an insufficient number of workmen were by appellee supplied, took the matter into its own hands, and itself provided workmen and completed the carpenter work.

Appellee contended, and offered evidence to show, that he was not derelict, and that the action of appellant was unjustifiable.

Assuming, as we may, that 'by the verdict the controversy as to whether appellant was justified in itself employing men and setting them to completing the work appellee had agreed to do, was decided against appellant, nevertheless we must reverse this judgment, because the jury were incorrectly instructed as to the manner of estimating the compensation to be given to appellee for what he did do.

At the instance of appellee the following instruction was given:

" 1. If the jury believe from the evidence that the defendant willfully and wrongfully violated the contract between it and the plaintiff and prevented plaintiff from finishing his contract, and that plaintiff has suffered loss and damage by reason of said acts of the defendant, then the jury should find the issues for the plaintiff and assess his damages at such sum as they find from the evidence was the reasonable value of the work, labor and material furnished by the plaintiff to and for the building in question."

In this State when a party seeks to recover for work done or materials furnished under a special contract, the contract must govern as to the value of the work and materials supplied. The contractor can not, in such case, recover upon a *quantum meruit* or *quantum valebat*, disregarding the prices fixed by the contract, although he may, by the wrongful act of the other party to the contract, have been prevented

from completing the same. City of Chicago v. Sexton, 115 Ill. 230; Clark v. Scanlan, 33 Ill. App. 48; see also Watrous v. Davies, 35 Ill. App. 542.

As the case must be remanded for another trial, we refrain from any comment upon the evidence. Reversed and remanded.