### Theodore F. Rice v. William Z. Partello.

1. CONTRACTS—*Abandonment of*—*Remedies and Damages.*—Where a party is justified in abandoning his contract, he can maintain a suit in assumpsit upon the *quantum meruit*, but he can only recover the amount due under such contract; and where the contract is abandoned by the mutual consent of the parties, the measure of damages in case of a recovery is the value of the labor performed or the material furnished.

2. SAME—*When Prices Are Fixed by Stipulation.*—Where work is done under a special contract fixing the prices, etc., the price of such work must be governed by the stipulations of such contract even if the party is justified in abandoning the contract and bringing his action for the *quantum meruit.*

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. JOHN C. CARVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed March 13, 1900.

WALKER & DAVIS, attorneys for appellant.

HENRY T. HELM and J. WARREN PEASE, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a suit in assumpsit commenced by appellee to recover from appellant an amount claimed by appellee to be due to him for work done and material furnished in the construction of a dwelling house in Chicago in 1892. There was a written agreement by the terms of which appellee agreed to furnish the material and construct such dwelling according to certain plans and specifications by a fixed date at an agreed price. Appellee abandoned the work before it was completed. Whether he was justified in so doing by reason of a breach of the contract on the part of appellant is a contested question, which in the view we take of a question presented by the instructions, it is not necessary to here consider.

Assuming for our present purpose, but without deciding, that appellee was justified in abandoning the work, the law is that he could then maintain a suit in assumpsit upon the *quantum meruit.* Geary v. Bangs, 37 Ill. App. 301; Dobbins v. Higgins, 78 Ill. 404. But in such case he can only recover the amount due under the contract. Where the contract is abandoned by the mutual consent of the parties, the measure of damages in case of a recovery is the value of the labor performed or the material furnished. Schillo v. McEwen, 90 Ill. 77. But in the case at bar the contract was not abandoned by mutual consent.

It is contended by counsel for appellant that where work is done under a special contract, as in the case at bar, the price of the work done and the material furnished must be governed by the stipulations of such contract even if appellee was justified in abandoning the contract and bringing his action for the *quantum meruit.* That is practically conceded by counsel for appellee. It is the law in this State. Dobbins v. Higgins, 78 Ill. 440, 442; City of Chicago v.

Sexton, 115 Ill. 230, 241; Folliott v. Hunt, 21 Ill. 654; Keeler v. Clifford, 165 Ill. 544, 549; Chicago Training School v. Davies, 64 Ill. App. 503.

The first and ninth instructions given at the request of appellee are long and recite facts and state rules not necessary to quote for our present purpose. In the first, the jury is instructed that if, from the evidence, they believe certain things, then appellee had " the right to elect to abandon said contract and recover what his work and materials were reasonably worth."

In the ninth instruction the jury is told that if they found certain things, " that thereupon the plaintiff (appellee) was entitled to recover from the said defendant (appellant) the amount of the reasonable costs of all labor and material which he had used or expended upon the building of said house up to the time of his abandonment of said contract so far as shown by the evidence, and the facts and circumstances in evidence, less whatever sums had been paid him on account thereof, or paid upon his order."

The rule as to the measure of damages stated in these instructions is erroneous, and they should not have been given. It is contrary to the settled laws of this State as appears from the cases above cited. It is true, as argued by attorney for appellee, that it is not necessary to embody all the law in one instruction. But it does not follow from that, that said instructions one and nine are correct. They are not, as argued by attorney for appellee, " correct so far as they went." They instruct the jury that the measure of damages is as stated in one of them, the " reasonable worth," and in the other the " reasonable cost " of the labor and material furnished by appellee.

The serious error in these two instructions is not removed by the modification by the court of the seventh instruction. Indeed, it is doubtful whether such modification of the seventh instruction removed the objection to that instruction itself. Neither is the error indicated cured by the other instructions given by the court.

For the reason indicated, the judgment of the Circuit Court must be reversed and the cause remanded.