WILLIAM S. BARBEE

*v.*

JOHN S. FINDLAY, for use, etc.

*Opinion filed April 17, 1906.*

1. BUILDING CONTRACTS—*when architect's certificate is conclusive.* If a contract provides that the architect's final certificate shall be conclusive evidence of the performance of the contract, such certificate, in an action of assumpsit based thereon, is conclusive, unless it is shown to have been issued through fraud or mistake.

2. SAME—*whether evidence supports plea of set-off is a question of fact.* In assumpsit, based upon the final certificate of the architect, the question whether defendant has shown himself entitled, under his plea of set-off, to an allowance sufficient to put the work in proper repair is one of fact, upon which the Appellate Court's judgment upholding the judgment of the trial court is conclusive.

3. APPEALS AND ERRORS—*when damages for prosecuting appeal as for delay will not be allowed.* Damages for prosecuting an appeal as being for delay will not be allowed by the Supreme Court, where no application for such allowance was made in the Appellate Court and there is some evidence in the record tending to support the appellant's defense in the trial court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

W. S. BARBEE, *pro se.*

MCARDLE & MCARDLE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, commenced on December 3, 1903, by the appellee, John S. Findlay, for the use of William Morris & Sons, against the appellant, W. S. Barbee, to recover an amount claimed to be due to appellee from appel-

lant for a balance due on a certain contract for doing the carpenter work, and furnishing the material therefor for a six-story building, situated at No. 292 Wabash avenue in the city of Chicago. The declaration consisted of the common counts. With the declaration there were filed a bill of particulars, and copies of the account and contract sued on. Appellant pleaded the general issue, and filed two special pleas, and a plea of set-off for the sum of $2764.00, claiming that the work and material were not according to the specifications and contract. The case was tried before the court and a jury. The jury rendered a verdict on March 7, 1904, against the appellant for $1222.74. A motion for new trial having been entered, and overruled by the court, judgment was rendered on the verdict for $1222.74. An appeal was taken from this judgment to the Appellate Court, where the judgment of the circuit court has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

The amount, claimed as due, is based upon an architect's final certificate, given to appellee Findlay by Frank B. Abbott, who was the architect in charge of the construction of the building.. The final certificate, dated November 15, 1902, certified that Findlay, the contractor for the carpenter work of the structure located at 292 Wabash avenue in the city of Chicago, had earned the amount of $1258.67 by the conditions of the agreement. This certificate was signed by Abbott as architect and superintendent. The sum of $100.00 was paid upon the amount named in the certificate, and the amount of the verdict was evidently ascertained by deducting the amount so paid and calculating the interest upon the balance.

Only three points in favor of a reversal are suggested by the appellant. The first is that the architect's certificate is not conclusive. The contract in the present case provides that the final certificate shall be conclusive evidence of the performance of the contract. Where a contract contains such a provision as is embodied in the one here involved, the rule

is that the certificate of the architect is conclusive, unless it is shown to have been issued through fraud or mistake. (*Downey* v. *O'Donnell,* 86 Ill. 49; *Same* v. *Same,* 92 id. 559; *Korf* v. *Lull,* 70 id. 420; *Trustees Illinois and Michigan Canal* v. *Lynch,* 5 Gilm. 526; *McAuley* v. *Carter,* 22 Ill. 53). In the case at bar, there is no evidence in the record tending to show either fraud or mistake; and consequently the final certificate of the architect was conclusive as to the amount due.

The second point, made by appellant, is that an assignment of a chose in action does not vest the legal title in the assignee, so as to enable him to sue thereon in his own name. This rule, if it be a correct one, has no application to the present case, because, even though it be true that Findlay's claim was assigned to William Morris & Sons, the suit is not brought in the name of William Morris & Sons, but in the name of John S. Findlay for the use of William Morris & Sons.

The third point made by the appellant is based upon the statement that some of the allegations in the special pleas were not specifically traversed, and that, therefore, such allegations, not being denied, were admitted. Appellant filed two special pleas, alleging that there was collusion and fraud between the architect and contractor, and that, by agreement between them, the certificate in question was issued with intent to defraud the appellant. Nine replications were filed to these special pleas, and rejoinders were filed by appellant. We agree with what the Appellate Court says in regard to these pleadings, as follows: "We have not discovered any material allegation in either of the special pleas, not well and sufficiently traversed by the replication thereto, and none is pointed out in the brief of appellant."

Appellant claims that, under the evidence in the case, it would cost $2764.00 to finish and put in first-class condition the carpenter work in the building. The question, whether or not appellant was entitled under his plea of set-off to such

sum, as would be necessary to put the work in proper repair and condition, was a question of fact. The jury passed upon this question of fact adversely to appellant, and the Appellate Court's judgment of affirmance is conclusive, so far as this court is concerned.

As, however, there is evidence, tending to show that some of the work was not properly done, and might require the expenditure of a certain amount to put it in a proper condition, we do not think that the appellee is entitled to have an assessment of damages against the appellant. No application was made to the Appellate Court, to which the first appeal was taken, for an assessment of damages, and it is not entirely clear that the present appeal is prosecuted only for the purpose of delay.

The judgment of the Appellate Court affirming the judgment of the circuit court is affirmed.

*Judgment affirmed.*