### HOGAN v. ROSENTHAL.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

**1. APPEAL AND ERROR—REVIEW—VERDICT—INADEQUACY OF ADVERSE VERDICT.**
Defendant cannot complain because plaintiff did not recover against him as large a verdict as he was entitled to, unless the amount of the verdict shows that the jury, in determining the case, either wholly disregarded the evidence, misapprehended its effect, overlooked some important fact, or must have necessarily found some fact in favor of defendant which is wholly inconsistent with a verdict for any amount for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4061.]

**2. TRIAL—VERDICT—COMPROMISE VERDICT.**
Plaintiff sued for an unliquidated claim of $324.31 for labor and services and recovered a verdict of $300. Defendant claimed that the work was to be done for $150. *Held* that, as the issue was whether it was agreed that the work was to cost $150 or whether plaintiff was entitled to the reasonable value of the services, the fact that the jury cut down plaintiff's claim $24.31 was not evidence of such a compromise as to discredit their verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 740.]

**3. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.**
Permitting plaintiff to testify that he was a licensed master plumber in answer to the question, "What is your business?" over the objection that it was not the best evidence, was not prejudicial error, since it was testimony that he was following a lawful occupation in the manner required by statute, which would be the presumption until the contrary appeared.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Frank Hogan against Solomon Rosenthal. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Marcus Helfand, for appellant.
Nathaniel Tonkin, for respondent.

WOODWARD, J. The plaintiff brings this action to recover the sum of $324.31 for work, labor, and services alleged to have been performed by him at the request of the defendant; the complaint alleging that this was the fair and reasonable value of such services, and that the defendant promised and agreed to pay. The defendant admitted that the plaintiff had performed the work, but alleged that the same was performed under an agreement that it should not cost to exceed $150, which the defendant was willing to pay. The evi-

dence is sufficient to sustain the verdict of the jury, upon a distinct conflict between the parties; and the principal question urged upon this appeal is whether the verdict for $300, instead of $324.31, demanded by the plaintiff, should be permitted to stand as against the appeal of the defendant.

It is urged that the verdict was the result of a compromise, and that the defendant is aggrieved by the fact that the verdict is not for the full amount claimed. We are of the opinion that there is no merit in this contention. The complaint, it is true, alleges that the services were performed, that they were of the fair and reasonable value of $324.31, and that the defendant had promised and agreed to pay; but this was not a liquidated claim. It did not pretend to be. The separate defense pleaded was that the defendant agreed to pay not more than $150, and the issue was whether this was the contract, or whether the plaintiff performed the services and was entitled to the fair and reasonable value of such services; and, while it may be that the plaintiff might have complained at the verdict, we are of the opinion that the defendant is not aggrieved by the fact that the jury cut down the claim $24.31. It does not show such a compromise as to discredit the action of the jury. The rule, we believe, is that the defendant cannot complain because the plaintiff did not recover against him as large a verdict as he was entitled to, unless the amount of the verdict shows that the jury, in determining the case, either wholly disregarded the evidence, or misapprehended its effect, or overlooked some important fact, or must have necessarily found some fact in favor of the defendant which is wholly inconsistent with a verdict for any amount in favor of the plaintiff. Powers v. Gouraud, 19 Misc. Rep. 268, 271, 44 N. Y. Supp. 249, and authority there cited. Here it cannot be presumed that the jury were influenced in their action by any consideration of the small amount which they cut off from the plaintiff's claim. They certainly did not reduce it because of the claim of the defendant that the work was to be done for $150. They distinctly refused to credit this special defense, and the fact for some reason they did not give the plaintiff the full amount of his unliquidated claim is not a subject for complaint on the part of the defendant.

In the case of Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236, it was held that where there was a controversy over the question of whether the plaintiff was entitled to $40 per month, in which event the defendant would be owing him substantially $900, or to $25 per month, which, under the defendant's theory, would leave nothing due to the plaintiff, and the jury returned a verdict of $500, the defendant was aggrieved, and had a right to have the verdict set aside. But there the evidence afforded no basis for the verdict. Either there was nothing due, or there was $900; and a verdict for $500 could not have been arrived at under any consideration of the evidence. In the case at bar the jury may have thought that the fair value of the work performed was less than the plaintiff claimed, and in that event they were not bound to accept his estimate of the value. The defendant cannot be aggrieved by the jury refusing to place the same value upon the plaintiff's services that he does; and, the real issue having been

determined in favor of the plaintiff upon a conflict of evidence, there is nothing to do but to affirm the judgment, in the absence of legal error.

We think there is no reversible error in the court permitting the plaintiff to testify that he is a licensed master plumber. This answer was given in response to the question, "What is your business?" There was no objection to the question. After the answer was given, counsel objected to the answer and the question as not the best evidence. This was overruled, and defendant excepted. We fail to discover any error in this ruling. It can hardly be improper for a man to testify that he is transacting a lawful business—that he is following a lawful occupation in the manner pointed out and required by the statute law of the state. This would be the presumption until the contrary appears.

The judgment appealed from should be affirmed, with costs. All concur.