## J. E. Salfisberg & Co., Appellant, v. City of St. Charles, Appellee.

### Gen. No. 5307.

1. ARCHITECTS—*effect of final certificate.* The final certificate of a supervising architect or engineer is conclusive evidence of the performance of a contract in the absence of fraud or mistake connected with so obtaining the same and when the contract provides that it shall be; but where the contract does not so provide, the contractor is placed upon his proof to show performance as a condition precedent to recovery.

2. CONTRACTS—*when engineer not authorized to permit departure from specifications.* The engineer of a municipal corporation is unauthorized to permit a departure from specifications providing for the manner in which public work shall be done; upon the other hand, it is his duty to see that the terms of such specifications are observed.

Assumpsit. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 18, 1910. *Certiorari* denied by Supreme Court making opinion final.

**Statement by the Court.** The city of St. Charles advertised for bids for the construction of a concrete reservoir in connection with a system of water-works which it was building. A proposal to build the reservoir for $5,600 was submitted by J. E. Salfisberg, doing business as J. E. Salfisberg & Co., and the contract was let to him. The reservoir was built on the side of a hill containing clay and limestone in which there were springs, and was about one hundred feet from the Fox river, the surface of which was about ten feet above the bottom of the reservoir. As the work progressed, Salfisberg received two certificates from the supervising engineer aggregating $3,000, which was paid, and upon its completion, a final certificate for $2,600. The contract provided that the final payment should be retained until the work was completed and accepted by the city. The city declined to accept the reservoir and refused to pay the

final certificate on the ground that water seeped through the wall, thus rendering the reservoir unfit for use. Salfisberg brought suit in *assumpsit* in the Circuit Court of Kane county to recover the amount thereof. The declaration consisted of the common counts and a special count that set out the contract, specifications, instructions to bidders, plans and proposal, and alleged that plaintiff entered into a contract with defendant whereby he was to furnish all materials, tools and labor for building a concrete reservoir according to said plans and specifications; and that he performed the contract according to its terms and conditions and completed the reservoir. The city filed a notice of set-off under a plea of the general issue. A jury was waived and a trial was had before the court. The set-off was disallowed, the issues were found for defendant, and judgment was entered against plaintiff for costs, from which he appeals.

The specifications required that the concrete be mixed by hand on a platform with sufficient water to make a quaking mass and immediately placed in the walls in layers not exceeding eight inches thick, each layer to be thoroughly rammed with iron rammers until the whole was a perfectly solid mass; and that no concrete that had set was to be used.

Appellant testified that he performed the work in accordance with the specifications with the exceptions of a few minor changes that were made by the consulting engineer; that he told the engineer that it would be better to make the concrete light and slushy; that if so made it would not need tamping; and that this was agreed to and it was put in that way; that it was poured into a wooden form and then spaded; that a spade or shovel was used to make a smooth surface next the form, which was the only ramming done. A number of witnesses testified that after the concrete was poured into the frame and while it was soft, water from a hose was turned into it and that it ran through the frame into the bottom of the reservoir, carrying

with it a whitish substance resembling cement; that there was little cement adhering to the gravel and that an excess of water was used; that the walls cracked and were porous and water came in through them. One witness testified that from the lime and magnesium he found in the wall he judged that the cement had either become air slacked or set from getting damp; that in a wall so constructed, the water would dry out of the cement and leave spaces through which water would percolate. Another witness testified that a poor quality of cement was used, and another that there was not enough used. A number testified that a wall so constructed would have no value for holding drinking water. There was proof that, owing to the pressure of the water from the springs and the river, had the reservoir been built in strict compliance with the terms of the specifications, it would not have answered the purpose for which it was intended.

Raymond & Newhall, for appellant.

H. G. Hempstead and Irwin & Egan, for appellee.

Mr. Justice Willis delivered the opinion of the court.

It is clear that the material requirements of the specifications were departed from in the construction of the reservoir and that it did not answer the purpose for which it was intended.

Appellant does not deny either of these facts but contends that the final certificate issued by the supervising engineer was conclusive evidence of the performance of the contract, and that it was not essential to his right of recovery upon such certificate that the work was done in accordance with the plans and specifications; that where a contract provides that work shall be carried on under the direction of an engineer employed by the city and the contractor conforms to

changes in the specifications ordered by the engineer, the negligence in ordering such changes, if any, rests solely upon the city; and the court erred in admitting evidence tending to show that the work was done in a defective manner since the contract provided that the engineer should be the judge of the quantity and quality of the work, and that the court erred in ruling on the propositions of law.

The final certificate of a supervising architect or engineer is conclusive evidence of the performance of the contract, in the absence of fraud or mistake connected with issuing or obtaining the same, when the contract provides that it shall be. Barbee v. Findlay, 221 Ill. 251, and cases there cited. "To make such a certificate conclusive required plain language in the contract. It is not to be implied." Mercantile Trust Company v. Hensey, 205 U. S. 298, and cases there cited. In the case at bar the contract contains no such provision. It provides that the contractor should be paid at the end of each month on the engineer's certificate for all work performed and materials furnished during the preceding month, less fifteen per cent to be retained until the work was completed and accepted by the city; and that upon such acceptance all money due him would be paid by the city. From the provision that the final payment be retained, in our opinion, it is clear that the intention of the parties was that the final certificate should not be conclusive. Even though the instructions to bidders contains, as claimed by appellant, language which may be construed to mean that the final certificate should be conclusive, the language of the contract controls, as it is the later instrument and signed by both parties.

We conclude that the engineer's final certificate was not conclusive; therefore appellant was not relieved from proving that he had performed the contract substantially in accordance with its terms and those of the plans and specifications, and there was no error in

the admission of testimony on behalf of appellee that the work was done in a defective manner.

By the terms of the specifications, the engineer in connection with the board of local improvements, was authorized to dismiss incompetent employes, and given control of the work, which was to be done in strict accordance with the specifications. This did not mean that they might give any orders they might desire, but that they were in charge of the work under the plain terms and conditions of the contract, plans and specifications and were to give such orders as in their judgment would carry out the true intent of such plans and specifications. Sanitary District of Chicago v. McMahon & Montgomery Co. et al., 110 Ill. App. 510, and cases there cited. The engineer's decision was to be final in case of a dispute in regard to the true meaning of the drawings and specifications. There was no dispute as to what the specifications directed or intended, but the contractor and engineer made up their minds to adopt an entirely different method of constructing the wall than was required by the specifications, and acted accordingly. The engineer testified that he told the mayor of the change and that the latter assented. The mayor, however, denied that he so assented, but testified that he always told the engineer to follow the specifications. Moreover, the mayor was neither the city nor the board of local improvements, but was only one of three members of the latter board. It is not claimed that either the board of local improvements or the city council authorized this deviation from the specific directions in the specifications. The engineer might give directions within the limits of the contract, but no further. If he could change its terms in one particular, he could in all. He not only lacked authority so to do, but it was his duty as agent of the city to see that the contract and specifications were not deviated from in any material particular except with the consent of the parties, and to see that they were faithfully carried out. Adlard v. Muldoon, 45 Ill. 193;

Sanitary District of Chicago v. McMahon & Montgomery Company, *supra.*

Had the proof shown that the city of St. Charles had accepted the work or that it had been performed in substantial compliance with the contract, plans and specifications and tendered to the city, and that the city had unreasonably refused to accept the same, appellant could recover even though the reservoir did not fulfill the purpose for which it was constructed; but when appellant departed from the specifications, and constructed a wall materially different from that called for in the specifications, even though he did it under the direction of the engineer, he took the responsibility of a failure upon himself; and proof that the reservoir would not have fulfilled the purpose for which it was intended had the plans and specifications been complied with, does not relieve him from such responsibility.

As the record discloses sufficient competent evidence to sustain the judgment, we deem it unnecessary to consider appellant's assignment of error on the ruling of the trial court on the propositions of law submitted.

The grounds urged by appellant for a reversal of this judgment are untenable, and therefore it must be affirmed.

*Affirmed.*