## Edward Thompson Company, Appellant, v. Martin C. Decker, Appellee.

### Gen. No. 6,179.

1. CONTRACTS, § 279*—*what is effect of rescission of contract.* The operation and effect of a rescission of a contract is to terminate all the rights of the parties under the original contract.

2. SALES, § 284*—*when right of seller to recover purchase price not affected by storage of goods subject to order of purchaser.* Where a contract of sale is rescinded by the purchaser, the right of the seller to recover the purchase price is not affected by the fact that the purchaser delivers the goods to the seller and they are stored by the seller subject to the purchaser's order.

3. SALES, § 284*—*when seller may bring action of quantum meruit on abandonment of contract by purchaser.* Where books are sold under a special contract, the seller may, upon default of the purchaser, treat the contract as abandoned or "rescinded" and bring an action of *quantum meruit,* and the price is governed by the stipulation in the abandoned contract.

4. APPEAL AND ERROR, § 1802*—*when cause must be remanded for further proceedings upon reversal.* In the absence of a waiver of the right to trial by jury, a judgment for plaintiff may not be entered upon reversal of the judgment for defendant, but the cause must be remanded for further proceedings.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 8, 1916.

COOKE, POPE & POPE, for appellant.

RALPH J. DADY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellee, Martin C. Decker, August 31, 1909, sent a subscription contract for twenty volumes of American and English Annotated cases at five dollars a volume,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to appellant, Edward Thompson Company, which was by it accepted. The contract provided for payment of five dollars cash, and the balance in instalments of five dollars, payable quarterly for one year, and afterwards bimonthly, and contained an agreement that the right of property in all the volumes unpaid for should remain in appellant until the same were wholly paid, and a statement that no representations or guaranties had been made by the salesman on behalf of appellant which were not expressed in the written contract. At that time only thirteen volumes had been published, and they were delivered to appellee September 3, 1909. The three succeeding volumes were also delivered from time to time, as published, by August 26, 1910. Appellee paid four of the five dollar instalments, as provided in the contract, and in December, 1910, shipped back to appellant the sixteen volumes with the statement that he had not found the work up to the representations of their solicitor, and had received no benefit from it, and therefore returned it. Several letters followed in which appellant all the time insisted that it would not consent to take back the books and release appellee on the contract, and appellee insisted that he would not make further payment or receive further books. The sixteen volumes returned were stored by appellant and appellee promptly notified that they were held subject to his order. Finally, July 14, 1913, appellant commenced this suit before a justice of the peace for sixty dollars, the balance unpaid for the sixteen volumes at five dollars a volume. It was tried on appeal in the Circuit Court where there was a verdict and judgment for the deferdant, from which judgment this appeal is taken. Appellant treated the contract as abandoned by appellee, and claimed the right to recover for the sixteen volumes furnished at the contract price. Its right to so recover would be free from question but for the fact that on the trial the deposi-

tion of an agent of appellant was read, in which he said that December 30, 1910, appellant treated the contract "as being repudiated by the defendant and rescinded by the plaintiff," and also said "at the time defendant repudiated contract by shipping back the books to plaintiff, there was then no further volumes of such publication manufactured, and when further volumes were manufactured plaintiffs did not ship more volumes to defendant because the latter had repudiated his contract, and the plaintiff then rescinded it." This use of the word "rescinded" is relied on by appellee as indicating that appellant consented to an entire abrogation of the contract, had taken back the books, and therefore could not recover on the contract, and he says there is no evidence upon which to base any other recovery. It is true that the operation and effect of a rescission of a contract is to terminate all the rights of the parties under the original contract. The title to the goods is revested in the seller and he cannot maintain an action for the price. (35 Cyc. 158.) If appellant had consented to take back the books this rule would apply, but appellant did not take back the books and its right to recover here is not affected by the fact that appellee delivered the books to appellant and it held them subject to his order. It is settled law in this State that where work has been done or goods furnished under a special contract, the laborer or vendor may, because of the default of the other party, treat the contract as abandoned and bring an action for the *quantum meruit* of the work, and that the price is governed by the stipulation in the abandoned contract. This rule is said in *Folliott v. Hunt,* 21 Ill. 654, to have been repeatedly held by that court. It was repeated in *Dobbins v. Higgins,* 78 Ill. 440, where the plaintiff had given notice that it would treat the contract as "rescinded" and abandon the work. Notwithstanding the use of that word "rescinded," the court treated the contract as

abandoned and held a right of recovery *pro tanto* at the contract price. In *City of Chicago v. Sexton,* 115 Ill. 230, it is held that where one is prevented from completing the contract by an unauthorized declaration of a forfeiture, he may recover for material furnished under the contract, but the price must be fixed by the stipulations of the contract so far as they can be applied. In *Keeler v. Clifford,* 165 Ill. 544, the right of a party to a contract to abandon it because of the default of the other party and recover the amount due on the basis of the price named in the contract is held. To the same effect is *Rice v. Partello,* 88 Ill. App. 52, and *Chicago Training School v. Davies,* 64 Ill. App. 503, and many other Illinois cases.

It is hardly necessary to enter into a discussion of the meaning of the word "rescinded" in this connection. It may be that the word "abandoned" should be used instead, but our Supreme Court in *W. H. Purcell Co. v. Sage,* 200 Ill. 342, speaking of a case where the vendor of coal ceased delivery under the contract because of the failure of the vendee to pay as agreed and sued for the contract price of coal that they had delivered, said: "Appellees were justified in declaring the contract rescinded. * * * They were entitled to recover at the contract price for coal they had delivered." Counsel for appellant in their argument use this term "rescinded" in the sense that the Supreme Court did in that case, and it is evident that appellant's witness used it in the same sense, and whatever the propriety of using that word with that meaning, it is very clear that it must be so interpreted in the decision of this case.

It is therefore evident that appellant was entitled to a judgment in its favor, and the court erred in overruling its motion for a new trial. In the absence of a waiver of the right to trial by jury, we have no power to reverse the judgment and enter a judgment for plaintiff's damages and costs in the court below. (*City*

*of Spring Valley v. Spring Valley Coal Co.*, 173 Ill.
497.) The judgment is therefore reversed and the cause
remanded for further proceedings not inconsistent
with the views here expressed.

*Reversed and remanded.*