# J. J. Jobst, Appellee, v. City of Danville, Appellant.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*when contract construed as providing that decision of city engineer is final.* A contract for the construction of a bridge and approaches for a city providing that the decision of the city engineer upon all questions left to his discretion shall be final and conclusive, that all material furnished by the contractor shall be subject to the inspection and approval of the engineer, that the engineer shall have power to condemn all work which in his opinion is not done in accordance with the contract and specifications, that the decision of the engineer shall control as to the interpretation of the plans and specifications, must be construed as providing that all questions as to whether the materials furnished or the work done were according to contract were to be finally and conclusively determined by the engineer.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 60*—*when provision in construction contract as to finality of decision of city engineer is binding.* A city bridge construction contract, providing that the decision of the city engineer shall be final on questions as to whether the materials furnished or work done were according to contract, is legitimate and binding.

3. MUNICIPAL CORPORATIONS, § 412*—*when evidence that paving work was not constructed according to contract is inadmissible.* In an action against a city by a bridge contractor to recover for the part of concrete paving work done on the bridge approaches before rescission of the contract, evidence that the paving work was not constructed according to contract was inadmissible where the contract provided that the decision of the city engineer should be final on the questions whether the materials furnished or work done were according to contract.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*when decision of city engineer that concrete work done on bridge approach is properly done is final.* The decision of a city engineer that the concrete work for the pavement of approaches to a city bridge was properly done is final, where the contract with the city provides that all questions as to whether materials furnished or work done are according to contract shall be finally and conclusively determined by the city engineer.

5. DAMAGES, § 66*—*what is measure of when performance of construction contract prevented by city.* Where the performance of a city bridge construction contract has been prevented by the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

city and the work up to that time has been in compliance with the ·contract, and there is nothing in the contract by which the compensation for the part performed can be determined, the measure of damages is the reasonable value of the work done and the material furnished.

6. MUNICIPAL CORPORATIONS, § 412*—*when evidence as to reasonable value of work done under bridge construction contract is admissible.* In an action by a city bridge construction contractor against the city to recover the cost of constructing the concrete base of the approaches to the bridge, after rescission of the contract by the city and when the work done was in compliance with the contract, evidence to prove what the work done by the contractor in constructing the concrete base to the approaches was reasonably worth was admissible.

7. MUNICIPAL CORPORATIONS, § 393*—*when city cannot complain of failure to complete bridge contract.* A city cannot complain of the failure of a bridge contractor to complete the work on the approaches to the bridge where the contractor was prevented from completing the work by the act of the city.

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918.

WALTER T. GUNN, for appellant.

SWALLOW & BOOKWALTER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

The parties to this suit entered into an agreement for the construction of a bridge and the approaches thereto within the limits of appellant city, for the total sum of $80,000. It was all completed, accepted and paid for except the paving of the approaches, and that work had progressed until the concrete base, curb and gutter on the approaches were completed. Almost immediately after the concrete work for this paving job had been completed, the City Council, by resolution, directed appellee to place no brick on the foundation

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

until directed to do so by the City Council, and directed its superintendent of streets to cover the concrete base with gravel or cinders and open the bridge for travel, which order was in all respects complied with. The resolution referred to was adopted November 6, 1916. In January, 1917, this suit was commenced by appellee to recover for the part of the paving work on the approaches to the bridge that had been completed by him. He obtained a judgment for $2,007.10. The city brings the record of that case here by appeal.

Appellant's defense in the Circuit Court was based primarily on the claim that the concrete pavement was not constructed according to contract. It makes the same contention here and urges as error all rulings of the court by which it was prevented from proving the claim to be true, by members of the City Council and others. The testimony of one witness for appellant on that question was taken out of the presence of the jury, and it offered to prove the same thing by several other witnesses, but the court held the testimony incompetent on the ground that whether or not the work. had been performed according to specification, had been, by the terms of the contract, left to the city engineer of appellant city to determine, and that the only question for the jury was how the engineer had determined it.

By the terms of the contract referred to it was provided that the decision of the city engineer of appellant city "upon all questions herein left to his discretion shall be final and conclusive," and by clause 29 of the specifications, which were part of that contract, it is provided:

"*Inspection.* All material furnished by the contractor shall be subject to the inspection and approval of the engineer, and the engineer shall have power to condemn all work which in his opinion is not done in accordance with this contract and specifications, and the decision of the engineer shall control as to the interpretation of the plans and specifications during the execution of the work thereunder."

Construing those two parts of the contract together, it seems beyond doubt that the parties understood and intended that all questions as to whether the materials furnished or the work done were according to contract were to be finally and conclusively determined by the city engineer. Such a contract is legitimate and binding. *Weld v. First Nat. Bank of Englewood*, 255 Ill. 43; *Barbee v. Findlay*, 221 Ill. 251. There is no error in excluding the testimony offered.

The city engineer was present when the concrete base for the pavement of the approaches was being constructed, and he inspected the work. It was his duty to see that the work was performed properly and according to contract, and to condemn it if it was not so done. He not only did not condemn it, but he went on the witness stand and testified for appellee that the work was properly done. His determination of that question was final.

Appellee was allowed over objection to prove what the work done by him in constructing the concrete base to the approaches was reasonably worth. There was no error in that ruling. Where the performance of a contract by the contractor has been prevented by the other party, and the work done up to that time has been in compliance with the contract, and there is nothing in the contract by which the compensation for the part performed can be determined, the measure of damages is the reasonable value of the work done and the material furnished. *Lincoln v. Schwartz*, 70 Ill. 134.

The last ground urged for a reversal is that appellee should not have been allowed to recover anything until he had performed his contract by completing the paving of the approaches. He was prevented from completing this part of his contract by appellant, and appellant is in no position to complain that he did not do what it prevented him from doing.

There is no error in this record and the judgment is affirmed.

*Judgment affirmed.*