650

## NORTHERN TRUCK LINE, Inc. v. DUNN.

No. 11561.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1948.

George B. Grigsby, of Anchorage, Alaska (E. Coke Hill, of San Francisco, Cal., of counsel) for appellant.

J. L. McCarrey, Jr., of Anchorage, Alaska, for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee sued to recover the sum of $1500 as the reasonable value of services rendered in negotiating certain contracts for appellant with the Civil Aeronautics Administration. On the trial the jury returned a verdict in his favor for that amount and judgment was entered accordingly. Appellant asks that the judgment be reversed on the ground that there was no proof of the value of the services and that the case should have been taken from the jury.

The evidence on appellee's behalf is to the effect that in January of 1944 he orally agreed with one Haugen, acting for appellant, to endeavor to secure hauling contracts and jobs for the latter in Alaska on the understanding that his own trucks would participate with those of appellant in the hauling and that the profits from contracts obtained would be divided equally between the parties. Thereafter over a period of several months he negotiated hauling contracts on appellant's behalf with the Civil Aeronautics Administration. After these contracts had been obtained, one Meadows, appellant's president, repudiated the arrangement arrived at between appellee and Haugen and excluded the former from any further participation in the enterprise. Appellant, however, accepted the benefit of his services and performed the contracts, earning therefrom a total of approximately $55,000.

While the evidence of the value of the services rendered may be thought somewhat sketchy, there was enough to show the expenditure by appellee of a large amount of time and effort, as well as the incurring of substantial expenses, in obtaining these desirable and presumably profitable contracts. Appellee testified that appellant refused to disclose to him the amount of profits derived, and there was no showing on the other side that substantial profits were not in fact realized. In this state of the record we think the verdict of the jury has sufficient evidentiary support.

Haugen, testifying on behalf of appellant, denied the making of any agreement or arrangement with appellee. In

the circumstances of this case we think quantum meruit was not an inappropriate remedy. Jobst v. City of Danville, 212 Ill.App. 571; Tharp v. Jackson, 85 Or. 78, 165 P. 585; Edw. Thompson v. Decker, 200 Ill.App. 179; Humphreys v. Orrey, 220 Ill.App. 523; Sessions v. Pacific Improvement Co., 57 Cal.App. 1, 206 P. 653; Hogan v. Rosenthal, 127 App.Div. 312, 111 N.Y.S. 676; Baruch v. Giblin, 122 Fla. 59, 164 So. 831.

The judgment is affirmed.